

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION



**RECEIVED**

APR 2 5 2008 *new*
Apr 25, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

United States of America ex rel.   )
)
__Ian Lockhart__   )
(Full name and prison number)   )
(Include name under which convicted)   )
)
PETITIONER   )

08CV2374
JUDGE ANDERSEN
MAG. JUDGE MASON

vs.   )
)
__Donald Hulick__   )
(Warden, Superintendent, or authorized   )
person having custody of petitioner)   )
)
RESPONDENT, and   )
)
**(Fill in the following blank only if judgment   )
attacked imposes a sentence to commence   )
in the future)**   )
)
ATTORNEY GENERAL OF THE STATE OF   )
)
_____   )
(State where judgment entered)   )

Case Number of State Court Conviction:

__01-CF-87__

## PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: Circuit Court of the Twelfth Judicial Circuit Will County Illinois   14 W. Jefferson Street   Joliet, Illinois 60432

2. Date of judgment of conviction: November 21, 2002

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known) (1-count) First Degree Murder (3 counts)   Armed Robbery (1 count) Residential Burglary

4. Sentence(s) imposed: 41 years Murder (felony) and 16 years Armed Robbery consecutive

5. What was your plea? (Check one)   (A) Not guilty   (✓)
   (B) Guilty   (  )
   (C) Nolo contendere   (  )

If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

__N/A__

Revised: 7/20/05

## PART I – TRIAL AND DIRECT REVIEW

1. Kind of trial:  (Check one):     Jury ( ✔ )        Judge only (  )

2. Did you testify at trial?     YES (  )        NO     ( ✔ )

3. Did you appeal from the conviction or the sentence imposed?  YES ( ✔ )  NO (  )

   (A)  If you appealed, give the

      (1)  Name of court:  Third District Appellate Court of Illinois

      (2)  Result:  Both Sentence and conviction Affirmed, one Justice dissenting

      (3)  Date of ruling:  March 11, 2005

      (4)  Issues raised:

   (See next page 2-B)

   (B)  If you did not appeal, explain briefly why not:

   (See next page 2-B)

4. Did you appeal, or seek leave to appeal, to the highest state court?  YES ( ✔ )    NO (  )

   (A)  If yes, give the

      (1)  Result:  Petition for leave to appeal was Denied

      (2)  Date of ruling:  May 5, 2005

      (3)  Issues raised:

   (See next page 2-B)

   (B)  If no, why not:  (See next page 2-B)

5. Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes (  )  No ( ✔ )

   If yes, give (A) date of petition: _N/A_     (B) date *certiorari* was denied: _N/A_

2 – A

Revised: 7/20/05

Continuation of Part 1 - Direct Review

Issues one and two below are relevant and was presented for review in the Illinois Appellate court:

Issue #One

Defendant was denied his 6th and 14th Amendment right to confront the witness against him; were testimonial hearsay statements given at a co-defendant's trial and to police in a video recorded statement, were subsequently improperly admitted at petitioner's trial but was not subject to cross-examination

Issue # two

Defendant received ineffective assistance of counsel during pre-trial proceedings and the trial court failed to conduct an adequate inquiry into defendant's constitutional complaint.... 6th, 14th Amend U.S. Const.

While Issue one was appealed to the Illinois supreme court and rejected by way of denial of petition for leave to appeal on May 25th, 2005. Ground/Issue two was not appealed because appointed counsel refused to raise this issue despite petitioner's command to the contrary

2-B

## PART II – COLLATERAL PROCEEDINGS

1.  With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

    YES (✓)   NO ( )

    With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

    A.  Name of court: _Twelfth Judicial Circuit Court of Will County_

    B.  Date of filing: _Mailed on: November 17, 2005 ; Filed on: November 21, 2005_

    C.  Issues raised: _____

    _____ (See next page 3-B) & (page 3-C) _____

    _____

    D.  Did you receive an evidentiary hearing on your petition?      YES ( )   NO (✓)

    E.  What was the court's ruling?   _Frivolous and Patently without Merit_

    F.  Date of court's ruling:   _January 9, 2006_

    G.  Did you appeal from the ruling on your petition?      YES (✓)   NO ( )

    H.  (a)   If yes, (1) what was the result?   _Affirmed with one Justice dissenting_

    　　　　　　　　(2) date of decision:   _September 14, 2007_

    　　(b)   If no, explain briefly why not: _____ _N/A_   _(see page 3-c)_ _____

    I.  Did you appeal, or seek leave to appeal this decision to the highest state court?

    　　YES (✓)   NO ( )

    　　(a)   If yes, (1) what was the result?   _Petition for leave to appeal was Denied_

    　　　　　　　(2) date of decision:   _November 29, 2007_

    　　(b)   If no, explain briefly why not: _____ _N/A_   _(See page 3-c)_ _____

3 - A

Revised: 7/20/05

Continuation of Part 2 - Collateral Proceeding

The following Issues #Three through #Eight are relevant and was presented for review in the circuit court:

Issue #Three

Petitioner was forced to wear an electronic stun belt because of Will County Sheriff Department policy; which affected petitioner's right to testify; affected his ability to assist in his own defense violating his right to a fair trial. Trial counsel knew of these factors but failed to object to these Due Process Violations; Counsel was therefore ineffective. 5th, 6th, 14th Amend U.S. Const.

Issue # Four

Petitioner was denied the right to a fair trial, where the State created the impression of false material facts to the motive, misleading the jury to obtain a criminal conviction U.S. Const. 14th Amend.

Issue # Five

Petitioner was denied the right to a fair trial where the prosecutorial misconduct directly affected defendants right not to testify; not to be convicted except upon the basis of evidence adduced against him. This rose to a Due Process violation where the state commented on petitioner's alleged court room behavior. And the trial court abused it discretion by not instructing the jury to disregard the state's comments. 5th, 6th, and 14th Amend U.S. const.

Issue # Six

Petitioner was denied a right to a fair trial where the prosecution continuesly injected personal opinion about petitioner being friends with state's witness Mr. McClendon; infering that such friendship is the basis for McClendon's memory loss. Furthermore, the state injected personal opinion concerning McClendon's mental problems deflecting the Jury's attention away from evidence presented. U.S. Const. 14th Amend.

Issue # Seven

The state knowingly used false testimony or failed to correct testimony of Victor McClendon when it suppressed impeachment evidence of an agreement or understanding between state and Mr. McClendon inexchange for testimony against petitioner in violation of U.S. Const Amend 14th.

# Issue # Eight

Appellate Counsel was ineffective; failure to raise ineffective assistance of trial counsel and\or failure to raise issues Four through Seven in the appellate court and Appellate counsel was ineffective for failing to raise said issues as a matter of plain error. 6th, 14th Amend U.S. Const.

Petitioner's Pro-se post-conviction petition issues 4 through 8 has not been raised in the appellate court because appellate counsel refused to raise said issues. Regardless of petitioner's continuous letters and phone calls requesting that counsel raise said issues and not force petitioner into a position where his issues will not be heard; counsel still refused to raise petitioners issues.

On February 15, 2007 Petitioner then presented a Motion for substitution of appellate counsel OR to be allowed to proceed Pro-se (in the appellate court) so that issues 4 through 8 would be considered on its merits, and won't be considered waived; preventing them (issues 4-8) from being presented for review in other court proceedings. In petitioners motion for substitution of counsel OR to be allowed to proceed Pro-se, petitioner gave a number of reasons why he felt that the Appellate court should grant his motion and that he did not want to be forced into waiving his issues. (Please review EX. A.)

Although petitioner did not have a right to be appointed new counsel, petitioner had a right to proceed Pro-se which was denied by the state court restricting defendant access to the courts not to hear the above issues (4-8) violating equal protection and due process of law 14th Amend U.S. Const. State court does not have clearly established rules barring petitioner to proceed Pro-se; and if this court finds that the rules are clear, it was indiscriminately or freakishly applied.

The Illinois Third district Appellate court Denied petitioner's Pro-se motion for substitution of counsel or to be allowed to proceed pro-se on, March 26, 2007. (Please review EX. B)

Do to the appellate courts refusal to grant petitioner's motion petitioner could not present the merits of the claims in the court or appeal the merits of the claim to the Illinois Supreme Court.

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?   YES ( )   NO (✓)

   A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

     1.  Nature of proceeding     N/A

     2.  Date petition filed     N/A

     3.  Ruling on the petition     N/A

     4.  Date of ruling     N/A

     5.  If you appealed, what was the ruling on appeal?     N/A

     6.  Date of ruling on appeal     N/A

     7.  If there was a further appeal, what was the ruling ?     N/A

     8.  Date of ruling on appeal     N/A

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?   YES ( )   NO (✓)

   A. If yes, give name of court, case title and case number:     N/A

   B. Did the court rule on your petition? If so, state

     (1) Ruling:     N/A

     (2) Date:     N/A

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?   YES ( )   NO (✓)

   If yes, explain:     N/A

Revised: 7/20/05

# Part III - Petitioner's Claims

The Illinois Appellate court was the last reasoning and reviewing court to address the merits of Issues #1 & #2. Also, the ruling was an unreasonable application on the facts; and was an unreasonable application of clearly established federal law as determined by the supreme court or was contrary to the United States Supreme court precedence; furthermore, but for constitutional error no reasonable fact finder could find Petitioner guilty.

## Issue #One (1)

The petitioner is being held in violation of the federal Constitution where the confrontation clause as interpreted by the United States Supreme Court 6th, 14th amendment was not extended to this petitioner; Premised on the following facts:

(i) The Appellate court's finding that only if the proponent of the States witness Victor McClendon's out of court pretrial statements was not improperly admitted under Illinois law would the court address petitioner's federal constitutional objection. See: EX. C in People. V. Lockhart, No. 3-03-0214 (Ill. App. 3d, 2004).

(ii) The issue before the Appellate court was petitioner's 6th and 14th amendment right to confront witness Victor McClendons hearsay testimonial statement given to police in a video taped statement and at petitioner's co-defendant's trial concerning incriminating factors which was not cross-examined by the defense; nor could've been cross-examined by the defense during petitioner's trial because McClendon could not recall having had discussions with petitioner after the Murder occurred. McClendon also could not recall the event of petition's attempt to sell him guns. (R. 519, 521, 523, 572-575) Appellate courts finding to the contrary was an objectively unreasonable determination of the facts.

The 6th amendment clause's ultimate goal is to ensure reliability of evidence but it is a procedural rather than a substandive guarantee. It commands not that the evidence be reliable but that reliability be assessed in a particular manner by testing in the crucible of cross-examination. The clause thus reflects a judgement not only about the desirability of reliable evidence (a point on which there could be little dissent) but about how reliability can best be tested.

(iii) The Appellate court seems to that under Illinois law, as long as McClendon took the witness stand and refused to testify or could not recall his prior pretrial statements which incriminated petitioner establishes: (a) the statement is inconsistent with McClendon's testimony at trial; (b) because McClendon took the witness stand he was subjected to cross-examination concerning the statements which were made at petitioners co-defendant's trial; as well as the statements which were accurately recorded by video tape recording. (see: Ex. C at pages 5,8)

(iv) The courts holding that McClendon's [claim] to be unable to recall the events about which he had earlier testified and about which he had given in a video tape statement constituted inconsistency. (see: Ex.C at page 7) This was an unreasonable determination of the facts because: The record shows that McClendon gave uncontested or unrebutted testimony that he was presently taking Dilantin, Depukote and Risperdal. Both Depukote and Risperdal are drugs which deals with delusions. McClendon was taking these drugs for five or six years and was also taking these drugs at the time the video statement and testimony of co-defendants trial took place. (R.662). Prior to making the video taped statement, McClendon was amitted to the hospital for hearing voices. (R.663) McClendon received government assistance by way of disability checks for mental problems. (R.662) He had been hearing voices prior to and after the video taped statement. Infact he checked himself into Cermack Health Services for recurring mental problems a month after giving the tape statement incriminating petitioner. (R.663-669) McClendon agreed that contact with petitioner alluded to in the previous co-defendants trial testimony and video tape could all have been an illusion. (R.664)      The Appellate courts finding that McClendon's trial testimony was inconsistant because his assertion that he could not recall giving previous trial statements or video recorded statement to wit substance thereof. Without consideration of the above unrefutable facts no inconsistencey existed in this case and the Appellate courts findings was objectively unreasonable.

(v) As the dissent noted, " The majority seems to hold that as long as McClendons body was in the court room and on the stand, he was subjected to cross-examination. It apparently does not matter that defense counsel could not test the substance of his evidence because of McClendon's failure of memory, whether genuine or feigned."

Whether genuine or feigned, it was an unreasonable determination of the facts. The Majority finding that no 6th and 14th Amendment Violation occurred did so because they failed to extend the protection of the holding of the United States supreme court, or unreasonably applied the holding(s) or acted contrary to. Finally, if Illinois law does require mere physical presence for the admission of previous testimonial statements in lieu of meaningful opportunity for defense counsel to cross-examine on the substance of witness information, then the Illinois law is contrary to or unreasonably applicable to the 6th and 14th amendment of the nations highest court and the writ should be issued.

## Issue # Two (2)

Defendant next claims that the Appellate court unreasonably applied the facts insight of the record and U.S. supreme court authority by holding that defendant was not denied an inquiry into defendants ineffective claim; 6th, 14th Amendment U.S. constitution.

(i) The Appellate court found that petitioners claim was without merit. This finding is based upon an unreasonable determination because the trial court did not make an adequate inquiry into petitioner's claims of counsels neglect of the case. The record reveals that Mr. Livas, was assigned to the case as an assistant public defender and Mr. Jones was co-counsel as an assistant Public defender. At some point Mr. Livas was removed from the case for about (4) four months and Mr. Jones Maintained representation of petitioner (R.128-129). Mr. Livas was reassigned to the case and had been back on the case for several months and asked for a continuance, in which Mr. Jones concurred over petitioners objection (R.130-131). The state interjected and suggested that it appears that petitioners complaint was that the public defenders office was not doing anything on petitioners case. The state then told the court they had received supplemental discovery with additional witness' within the last 60 days including an alibi defense (R.131). The petitioner responded that the information about the alibi and additional witness' had been given to the public defenders office and its investigators in early 2001; and that neither the public defenders nor the investigators had moved to act on the information; and that only Mr. Jones had been coming to see petitioner about the case, although they never went to investigate the additional witness (R.132-133). This hearing was held on August 20, 2002 (R.127).

(ii)  The petitioner next appeared in court on September 3, 2002 and again objected to another continuance and demanded trial. Also, petitioner again claimed counsel was incompetent and ineffective without any inquiry into this 6th and 14th amendment complaint against the public defenders office. The Court simply stated, " Well, that might be your opinion. They say they need time... You want trial?"   At this point petitioner demanded an immediate trial; however, the court assigned a date for 13 days later (Sept 16th, 02). Petitioner then asked the court can he file a motion for ineffective assistance of counsel, in which the trial court responded that counsel will file any motion petitioner wanted filed. (R.138)

(iii)  On appeal, the Appellate courts finding that the trial court made an adequate inquiry into petitioners ineffective assistance claim because, (a) petitioner's objection was premised on the assumption that one attorney was assigned to the case and then removed; then was reassigned again shortly before trial. Petitioner complained that the attorneys had ample time to prepare the case and a continuance was unnecessary. (b) The court also found that the state just received afore mentioned discovery and alibi defense which was recently turned over from the defense. The Appellate court then noted that the trial court discovered that the petitioner was in contact with the first chair throughtout the proceedings on a regular basis (Ex. C at page 9). The facts were objectively unreasonable. The Illinois Appellate court took the facts out of their proper prospective because although the alibi defense and other discovery was given to the state recently by defense counsel, is not material to why the public defenders office who was appointed to represent petitioner had not acted on discovery ... they could've been acted or investigated, but didnt. The mere fact that the state obtained the discovery 30 to 45 days before the August 20th, 2002 hearing does not cure why counsel never investigated these witness'. The fact that trial court was aware that atleast one counsel from the public defender's office stayed in contact with petitioner and knew the case supports the unavoidable conclusion that a failure to investigate may certainly constitute ineffective assistance of counsel. This was never addressed by the Appellate court and is an unreasonable determination of U.S. Authority or contrary to.

(iv) The Appellate court found that on August 20, 2002 trial court granted defense counsels motion for continuance over the petitioner objection; and on the next court date (September 3, 2002) petitioner asked to file a motion for new counsel and requested an immediate trial.

8

The court again questioned petitioner and both parties and determined that the ineffective assistance complaint was merely petitioners opinion. Per petitioners request, a trial date was set. (EX. C at page 9.) Again, the facts here are unreasonably applied. The record shows that the subsequent objection of counsel by petitioner did occur on September 3, 2002. Nonetheless, the record also shows that contrary to the unreasonable application of the facts employed by the Appellate court, the trial court Never questioned counsel for both parties nor petitioner as to petitioners claim of ineffective assistance of counsel. After petitioner informed the trial court he was dealing with incompetence and ineffective counsel, without any inquiry, trial Court then informed the petitioner that his claim was merely his personal opinion (R. 136-138). Also, petitioner demanded an immediate trial on Sept 3rd, 02; rather than trial court setting an immediate trial then and there, the court set the trial date for Sept 16th, 02 (an additional 13 days later). This was not Per request of petitioner; his request was for an immediate trial. (R. 138).    At no time during this proceeding did the trial court adequately inquire into the ineffective assistance claim; as the record makes clear thats why the petitioner wanted to file a motion for ineffective counsel, where the record reveals that the trial court was alerted to a demand for Speedy-Trial. The trial courts finding that counsel wasn't ineffective and it was petitioners opinion; and that counsel would raise ineffective on himself concerning the facts (R. 138) was erroneous. It is well established that counsel cant raise ineffectiveness on himself; however, petitioner believed this legal advise and counsel subsequently waived petitioner's speedy Trial rights.

The Appellate courts finding that an adequate inquiry occurred on September 3, 2002 into petitioner's ineffectiveness claim was an unreasonable application of the facts (above) and unreasonable or contrary to U.S. Authority as determined by the U.S. Supreme court. While the trial court knew of the speedy trial problem, it did not inquire into which rights (statutory-120 days or constitutional or both) underlined the ineffective claim.

For this\these reasons the writ should be issued.

## Issue # Three (3)

The Appellate courts unreasonable determination of the facts and unreasonable application of U.S. Authority or contrary to U.S. Authority allows this court to issue the writ: where petitioner informed counsel

that he wanted to take the stand in his own defense but chose not to because petitioner was forced to wear a stun belt. Defense counsel was aware of this but failed to object to the use of this stun belt, but instead instructed petitioner that it would be better not to take the stand which violated petitioner's 6th and 14th amendment right (6th, 14th Amend. U.S. Const.)

The issue presented here is arguable on the merits and therefore not frivolous. The Appellate courts finding to the contrary was contrary to U.S. Authority and an unreasonable application; premised on the following facts:

On November 21, 2005, defendant filed a pro-se post-conviction petition alleging, among other contentions, that he had been denied due process and his Sixth and Fourteenth Amendments rights where he was forced to wear an electronic stun belt throughout the proceedings (C. 366). Defendant indicated that he was forced to wear the belt solely because it was the standard policy of the Will County Sheriff (C. 340). Petitioner claimed he did not testify because of fear and anxiety. Petitioner knew that if he faild to keep his hands in the sight of the officer who controlled the device remotely or if defendant had any outburst or quick movement that the officer would send 50,000 volts of electricity through his body (C.343). Petitioner indicated that defense counsel was fully aware of the situation but did not object and thereby denied him effective assistance of counsel (C.344).

Petitioner's affidavit in support of his petition alleged that before being placed in the stun belt he was told by officers of the Will County Sheriff's Department that the belt was going to be placed directly on the kidney area of his back and that he should not make any outburst or sudden movement and should make sure his hands were visible at all times to the officer who controlled the belt with a remot. Petitioner was told that, if he failed to comply with these rules, 50,000 volts would be sent through his body causing him to fall on the floor and urinate and defecate on himself. Petitioner told the officer that he did not want to wear the belt because it would make him uncomfortable and he was already dealing with a lot of pressure from just being on trial for murder. Petitioner was then given a Will County Adult Detention Facility Inmate Notification Form which advised him that he was required to wear the belt and described its capabilities. Petitioner signed the form which indicated he had been advised about the belt, after he was told that he would be forced to wear the belt even if he did not sign the form. Petitioner also averred that during the trial he was so nervous that he did not even want to move around in his seat. He kept both

of his hands on the table in front of him and kept looking at the officer to make sure the officer could see his hands. Petitioner decided not to testify because he was afraid that he would become anxious and emotional while testifying. Petitioner feared one of his hands might slip out of sight or he might speak too loudly causing the officer to send 50,000 volt of electricity through his body. Petitioner would have taken the stand if he had not been forced to wear the belt (C.362-363).

On January 9, 2006, the trial court summarily dismissed the petition finding Petitioner's claims were frivolous and patently without Merit (C.372; R.965). (C.372). Notice of appeal was timely filed on January 25,2006(C.381). Appellate court affirmed the petition with Justice McDade dissenting on September 14, 2007. Petition for leave to Appeal was timely filed and denied on November 29, 2007.

(i)    The Appellate court treated the predicate facts of the stun belt issue as an independant claim then considered the claim of denial of fair trial and right to testify under plain error, than under U.S. Authority for purpose of ineffective claim. (See: EX. D at pages 6-10). The Appellate court held, " Lockhart was not prejudice by the failure of his trial counsel to object to use of the stun belt. Lockhart told the trial Judge that he did not testify based on advise of counsel. His dicision was made of his attorneys advise, not because he had to wear a stun belt" (EX. D at page 10).

(ii)    Here the Appellate court unreasonably applied the facts. While it is true that counsel advised petitioner not to take the stand because it would make things worst then they already are was undoubtly a contributing factor but was not the key factor. As the dissent points out, " Moreover, Lockhart's explanations for his failure to testify are not mutually exclusive. Knowing he was wearing the stun belt and that he was at risk of a 50,000 volt Jolt at any time may have made him inappropriately amenable to his attorney's suggestion that he would be wiser not to testify" (EX.D at page 2 of McDade dissenting). Here the record does not rebut that petitioner did not take the witness stand after counsel was aware that petitioner was afraid to do so; and counsel failed to object which prejudice petitioner's due process right to a fair trial and a right to testify. The Appellate court finding that petitioner didn't take the witness stand based on a portion of the trial record was an unreasonable isolation of one factor which was of itself a subsequent factor which made petitioner more amendable to counsels inappropriate advice. Counsels failure to object was inherently prejudicial affecting the 5th, 6th Bill of Rights

11

14th Amend U.S. Const.

(iii) The writ should be issued because absent the error, no reasonable fact finder would have found petitioner but for constitutional error. Petitioner notes that ineffective assistance of counsel is a mix question of fact and law; and a factual dispute is raised where only counsel can dispute whether or not his advice to petitioner not to take the stand was premised on whether or not the stun belt and petitioner fear was a contributing factor for not taking the witness stand. Petitioner should be found prejudiced under U.S. Authority of an ineffective claim for the above reason.

(iv) Finally, the petitioner feels the Appellate court unreasonably applied U.S. Authority or acted contrary to it when it found no prejudice occurred then subsequently found that the evidence was over whelming, which was also unreasonable. The finding of overwhelming evidence occurs in the constitutional sense only after the reviewing court finds both deficient proformance and prejudice. Here, because the appellate court found the evidence was over whelming shows confussion in the opinion and the writ should be issued on the question of prejudice.

Issue # Four (4) ____ The circuit court's holding that the petitioner's claim, that the state created the false impression of a material fact to the motive; misleading the Jury to obtain a criminal conviction (U.S. Const. Amend 14) was frivolous and patently without merit was an unreasonable determination of U.S. Authority or contrary to united States supreme court Authority.

(1) Petitioner filed his post conviction petition, which under Illinois Law requires the trial Judge to liberally construe petitioner's claims in his favor and recognize that petitioner need only raise a gist of a state or federal constitutional claim to be appointed cousel and survive the first stage dismissal. Here a claim of frivous and patently without merit can mean several differant things: (A) the issue lacked legal sufficiency because it had no basis in law, or (B) the facts alleged in the issue is rebutted by the record or has no factual basis. The former defines frivolous and the latter defines without merit (in laymens terms), and here the circuit court gave no written order or foundation to its finding of frivolous [and] patently without merit on the relevant grounds 3 through 8. As a result the order its self is ambigous and the writ should be issued because res-judicta can incompass the term frivolous

and patently without merit as can waiver and forfeiture.

(2). In light of this ambiguous order and the face of petitioners grounds\Issues 3 through 8 should liberally construe this present motion, which reveals that the issues inlight of the record are arguable on its merits and therefore not frivolous. Res-Judicta forfeiture, waiver or forfeiture is an unreasonable determination of the facts or unreasonable application of U.S. Authority; or contrary to U.S. Authority.

(i). With respects to issue four of this petition, the states attorney presented the theory that petitioner had a motive to burglarize the Victim's (Deloris Bland) home on August 31, 2000; informing the Jury through the testimony of Jail-house informate Jason Smith, that petitioner allegedly confessed to him about the burglary inorder to obtain weapons (to wit guns) because petitioner had been previously shot in the leg during his attempt to rob some other citizen of the United States (R.313)

   During the state's closing arguements the state used as substantive evidence that the principal crime of burglary was petitioners motive to obtain guns " Just for retaliation for getting shot in the leg" (relying on Smith's testimony) (R.739-740). (R.313).

(ii). The state knew or should've known that it created a false impression that made it more probable that petitioner comitted burglary because he had a motive to obtain guns because he had been shot and needed the guns to retaliate on the citizen petitioner allegedly robbed before the lesser included offense of burglary occurred giving rise to armed robbery and first degree murder in this present case.

(iii). The state injected (through its witness) a motive in this case to make it more probable or likely that petitioner was infact guilty of the offenses therefore the motive was a material fact during trial as was the gun shot wound sustained by petitioner.

(iv). The State is charged with the Knowledge of its agents including the police. And here investigating officer, Michael Guilfoyle knew that petition did not have a gun shot wound during his initial interview with petitioner on September 1, 2000. The record reveals that the state asked officer Guilfoyle if he had the opportunity to go over petitioners physical appearance during the course of his dealings with petitioner; and whether or not he had any health problems (R. 472). Officer Guilfoyle then stated on January 16, 2001 in his (third and last) interveiw with petitioner, petitioner had a wound to his knee where he was shot. Petitioner also confirmed to him that

13

"it was such." (R. 472 - 473).

(V) Due process is violated when the state knew or should've known that the testimony of Smith left a false impression that petitioner's gun shot wound occurred Prior to August 31, 2000 (the date of Deloris Bland's death); which gave rise to a motive and prejudicial effect of petitioner robbing other citizens and showing a propensity to commit crimes before the Jury. The prosecutor had an obligation to correct the testimony of Smith, but instead used it as substantive evidence during closing arguements.

(Vi) Petitioner was denied a right to a fair trial, free of prosecutors misconduct and in accord with due process of law. The fact that the state created a false impression of a gun shot wound occurring prior to the charged offenses is unrebutted by the record and is of sound legal principle, when the state knew or should've known it relied upon false evidence and failed to correct, is arguable on its merits and the trial court's holding to the contrary was objectively unreasonable to U.S. authority or an unreasonable determination of the facts.

## Issue #Five (5)

This claim was found to be frivolous and without merit by the trial court (EX. E). That finding was contrary to United States Authority or an unreasonable application of authority as determined by the Supreme Court and/or unreasonable determination of the facts as presented in Issue 4 subsection ① and ②; here it is readopted and realleged in its fullness where the facts have merit and the issue is legally sufficient:

(i) Prosecutors comment on the courtroom behavior of a nontestifing defendant was improper; where during closing arguments the state's attorney made reference to defendant's previous courtroom behavior indicating to the Jury that the defendant was laughing with the states witness during the States witness testimony. References improperly put defendants character in issue by implying that defendant's laughter had something to do with its witness Victor Mc Clendon suddenly not remembering any prior testimony given concerning the defendants invovment in murder, armed robbery and residential burglary (R. 741).

(ii) Petitioners trial counsel objected to comments made by the Prosecutor concerning this behavior but the court over ruled, stating: "The Jury has seen and heard the evidence and been in the courtroom" (R.741). Petitioner claimed there was never any laughter of any sort between him and states witness Mc Clendon.

(iii) Prosecutors reference to the courtroom behavior of the defendant

14

was improper. It impugned defendants fifth and sixth amendment rights. Petitioner had a 5th amendment right not to testify and he elected to exercise that right. Petitioner also had a 5th amendment right not to be convicted except on the basis of evidence adduced against him. Petitioner had a 6th amendment right to a trial by Jury ... in tandem, the petitioner had the right to a Jury trial at which if he elected not to testify, the fact of his presence and his nontestimonial behavior in the courtroom could not be taken as evidence of his guilt.

(iv)    Trial court also abused its discretion by denying the petitioner his right to due process of law (14th amend U.S. const.) when trial court refused to instruct the Jury that such behavior must not be considered; and or instructing the Jury that the states comments on petitioners behavior must not be considered.

(v)    Had the prosecutor not made those comments; and or the trial court gave proper instructions concerning the matter, the Jury would not have considered such statements by the prosecutor in determining the innocence or guilt of the petitioner. By Just implying that the petitioner was laughing while being Judged for 3 counts of murder, armed robbery and residential burglary puts petitioner character up for question; and may also have been taken as evidence of petitioners guilt.

For all the reasons stated above, petitioner feels the writ should be issued.

# Issue # Six (6)

This issue(s) was found to be frivolous and patently without merit by the trial court (EX. E). That finding was contrary to United States Authority or an unreasonable application of authority as determined by the Supreme court and/or unreasonable determination of the facts as presented in issue 4 subsection ① and ②. Here it is readopted and realleged in its fullness where the facts have merit and the issue is legally sufficient:

Part Ⓐ    The prosecutor injected personal opinions which were improper comments. During closing arguments the Prosecutor continuesly talked about how its witness Victor McClendon was best buddies with the petitioner; this was said three times throughout closing arguments which may have mislead the Jury into believing the reason McClendon cant remember anything is because "... he doesn't want to fink on his buddy he grew up with all these years" (R. 740-791). Petitioner claims he and McClendon were never friends of any sort. There was never any evidence given during trial, that may have supported this notion; or, no reasonable inference could've been drawn from the evidence presented at trial.

Part Ⓑ    Furthermore, the prosecutor injectes it person opinion concerning

15

the mental health of its witness Victor McClendon deflecting the Jurys attention away from the evidence presented. The prosecutor stated during closing arguments that, "Victor McClendon has no more mental problems then you or I" (R.741). In petitioners trial there was no professional observation of McClendon's mental health given. Nonetheless, on cross-examination, McClendon asserted that he is presently taking Dilantin, Depakote and Risperal. Dilantin is to treat seizure disorders and the other two drugs are for problems dealing with delusions (R.662). McClendon has been taking these drugs for five to six years (R.662). He was taking these drugs at the time of the statements previously entered into evidence. McClendon agreed that prior to making the previously played video taped statement, he was admitted to a hospital for hearing voices (R.662-63). McClendon averred that he has been hearing voices for about five to six years. He had been hearing these voices both prior to and after the police interview. A month after the tape was made he checked himself into the Cermack Health services for his recurring mental problems (R.663-64). He agreed that his contact with the defendant alluded to in the previous testimony and the previous videotape could all have been an illusion (R.664).

        Contrary to the prosecutors' person opinion, all evidence presented at trial contradicts that opinion, and no reasonable inference could've been drawn from the evidence presented. Prosecutor's improper comments in both section ④ and ⑧ denied petitioner his right to due process of law guaranteed by the U.S. Const. Amend 14. For all the reasons stated therein the writ should be issued.

Issue # Seven (7)
        This claim was found to be frivolous and without merit by the trial court (EX. E). That finding was contrary to United States Authority or an unreasonable application of authority as determined by the supreme court and/or unreasonable determination of the facts as presented in issues # 4 subsection ① and ⑥; here it is readopted and realleged in its fullness where the facts have merit and the issue is legally sufficient:
(i).     During petitioner's trial, the state called to the witness stand it's witness Victor McClendon. The state asked McClendon, "I guess then, if you're seeking a trial you're not looking for some kind of help or favors from me, are you?" McClendon then stated; "Nope" (R.511).
The state knowingly used false testimony and/or failed to correct testimony of Victor McClendon when it suppressed impeachment evidence of an agreement or understanding between state and McClendon. During defendant's trial

16

his trial attorney learned of an agreement that the state had with it's witness Victor McClendon.

(ii)    Outside of the Jury's presents and in a hearing on defense counsel's motion for Mistrial, this information was brought to the light:

Defendant\Petitioner's trial counsel went to chicago to question\talk; with McClendon's attorney (William Cohen) where he learned that an agreement did exist between William Cohen's client Mr. McClendon and the states attorney in Will County (.244). Petitioner's trial attorney then went to visit McClendon who was incarcerated in cook county Jail for aggravated battery to a child (c.244); where he obtained a letter from Mr. Clendon stating that what him (McClendon) and his lawyer was told is that if he agree to testify against (Mr. Lockhart) Petitioner the state's attorney in Will County would promise to talk with the authorities in Cook County, letting them know he was being cooperative in a Will County Murder case. And that he (McClendon) hoped he would receive probation or be releast for time served for helping the Will County States attorney's office (C.244-45).

(iii)    Because this information about the agreement was never given to the Jury, the Jury never heard anything to destroy or put into question the credibility of the State's witness Victor McClendon. Trial court abused it's discretion when it denied petitioners trial counsel's motion for Mistrial on this subject. Prosecutors can not knowingly use or allow to go uncorrected false testimony that goes to the substance of witness' testimony, or facts that bare on witness' credibility; this includes impeachment evidence.

Petitioner was intitled to an evidentiary hearing on the facts or to develope the facts which he was denied. For all the reasons stated above petitioner was denied a fair trial and Due process of law in violation of United States Const. Amend 5, 14.    And the writ sould be issued.

# Issue # Eight (8)

This claim was found to be frivolous and without merit by the trial court (Ex. E). That finding was contrary to United States authority or an unreasonable application of authority as determined by the Supreme court and/or unreasonable determination of the facts as presented in issue #4 subsection (1) and (2); here it is readopted and realleged in its fullness where the facts have merit and the issue is legally sufficient:

Appellate counsel was ineffective for failure to raise ineffective assistance of trial counsel and/or failure to raise issues 4 through 8 in the appellate

court; and Appellate counsel was ineffective for failing to raise said issues as a matter of plain error.

To obtain relief under the controling U.S. states attorney a defendant petitioner must demonstrate (1) unreasonable attorney performance; and (2) prejudice. This Supreme court authority for an ineffective assistance claim is well established to determine whether the 6th and 14th amendment right to counsel was violated. The petitioner asserts that an ineffective assistance claim is a mixed question of law and fact warranting independant review by the Federal habeas court, and states court finding that counsel was not ineffective is not binding on this court.

Moreover, while the last reviewing state court found the claim to be frivolous and patently without merit without any specific fact finding, during the summary dismissal of state proceedings. Thus there can be no presumption of correctness or preclusion of an evidentiary hearing. This is true where the record before this court does not firmly establish a factual finding by the state court for the predicate constitutional violations in issues 4 through 8; supporting the ineffective assistance of counsel claims herein. For example:

(i)    Petitioner presented the fact that trial counsel was ineffective for failure to investigate evidence prior to trial that he had been shot in the leg months after the offenses he currently stands convicted; during a armed robbery where petitioner was the victim. However, counsel failed to investigate sources of evidence which would have been helpful to the defense; rebutting the states motive theory that petitioner was shot in the leg before August 31, 2000 when offenses occurred. Here trial counsel failed in his independant duty to investigate and there is nothing in the record to explain why there was no investigation of police reports or hospital reports; which would reflect the date of petitioner's injury from the gun shot and would establish that he was the victim of a armed robbery.    There is a reasonable probability that had had counsel investigated, the outcome may have been different. Such evidence could have been discovered through phone calls or bare minimum investigative work, which would have undermined and rebuted the states motive theory and weakened even more; the Jail-house informates testimony. Infact the state would have been hard pressed to argue the motive as substantive evidence during closing arguements inlight of documented evidence which would of been in direct conflict with the Jail-house informates uncorroberated testimony. Had counsel investigated, he could have move to eliminate the use of the

18

State's motive theory in a substantial way, as the probative value did not exist or was outweighed by the prejudicial effect. The investigation by counsel would have put the case in a whole different light. Counsel failed in a duty to bare such skill and knowledge as will render the trial a reliable adversarial testing process.

Petitioner asserts that the trial was fundamentally unfair or unreliable as the Jury was left with the false impression that petitioner had committed armed robberys in the past and was shot as a result; then, subsequently murdered Deloris Bland during a burglary/armed robbery. Appellate counsel's failure to raise this matter as plain error under Illinois law or ineffective assistance of counsel, was prejudicial to the defendant there is a reasonable probability that the outcome of direct appeal would have been different but for constitutional error.

(ii)

Appellate counsel was likewise ineffective for failure to brief and argue abuse of descretion by trial court, where trial counsel objected to prosecutor misconduct, by improperly putting defendant's character at issue. This issue could've been raised, as it is a part of the record during direct appeal. There is a reasonable probability that the appellate court would have looked at the record as a whole and determined that petitioner's right to the U.S. const 5th, 6th, and 14th amendment had been violated and that petitioner was prejudiced by the danger that the Jury considered irrelevant and inadmissable evidence; deflecting even one of the Juror's attention away from evidence adduced against petitioner, would deny a right to a fair trial. Non-testimonial evidence could have in all reasonableness infected a Jurors fact finding role and the error was compounded by the trial court's failure to instruct the Jury to not consider these comments of defendant alleged court room behavior.

This issue requires an evidentiary hearing, as none was given in state court and but for constitutional error the petitioner would not have been convicted. This comment inferred that petitioner was friends with states witness Victor McClendon, and, therefore McClendon was unwilling to cooperate or be truthful with the Jury and judicial system about his knowledge. There is no evidence of this friendship as the basis for inconsistant testimony in the record and it was prosecutor's misconduct to reference to petitioners alleged behavior as an adduce reason to establish friendship between McClendon and petitioner. As it is clearly improper, and it was unreasonable to determine that the issue is frivolous and without merit.

19

(iii)      Appellate counsel failed to brief and argue trial counsels failure to object to the inherently prejudicial comments about Victor McClendons mental health problems; as it was personal oppinion unsupported by the record, deflecting Jury attention away from actual evidence presented. The danger that the Jury would believe the unprofessional testimony/opinion of the prosecutor over the testifying witness is too great; as the prosecutors opinion carries with it the force of the government and Victor McClendon testimony does not measure up even about the drugs he takes for his mental problems.

The prejudicial impact here amounts to a due process violation. The states attorney is suppose to refrain from improper methods calculated to obtain an unlawful conviction and to protect the rights of a defendant in the sense that the guilty not escape and the innocent not convicted. Here the prosecutors comments failed in that two fold aim. There is no evidence in the record to support the prosecutors comments as to the conclusion of a friendship advanced by the state. There is a good probabilty that at least one of the Jurors excepted this to be a fact. Nor is there any evidence in the record that Victor was as mentally sane as the states attorney or any of the sitting Jury.

The Jury was asked to excepted the states professional non-scientific opinion about McClendon's mental state and told the Jury in essence to balance McClendons mental state with that of each Jury member. There is no telling how the Jury proformed this balancing test as un-scientific as it was. Trial counsel should have objected to the prejudicial comments and because he didn't the before danger exist that the Jury attention was deflected away from the evidence presented. Appellate counsel should have brief this arguement under plain error and/or ineffective assistance of counsel, there is a reasonable probability that the out come of direct appeal would have been different; insight of the entire record. Appellate counsel determination follows the aforement unreasonable proformance and prejudice of U.S. Supreme court authority.

(iv)
Appellate counsel was ineffective for failure to brief and argue that the state suppressed evidence of impeachment evidence as raised in issue #7 Here the evidence was favorable because it shows that McClendon had a motive to lie for the state in exchange for consideration on unrelated matters. This would have put the case in a different light because it undermined that McClendon refuse to testify for the state based off friendship. Moreover,

20

trial counsel and the prosecutor conflicted on what was said to victors defense counsel during the pendency of petitioners murder trial. Petitioners defense counsel obtained an affidavit for Victor McClendon stating that there was in essence an unilaterial understanding or agrement between the state and McClendon. The state denied that an understanding or agrement was made; however, petitioner's trial counsel contacted McClendon's trial counsel who confirmed that the state had promised to consider talking to the authorities to affect McClendons pending charges in McClendons favor inexchange for testimony or if he testified. This claim was a part of the trial record and raised in a post-conviction petition under ineffective assistance of appellate counsel for above reasons. Here because a factual dispute manifest on the pages of the record, and no evidentuary hearing was held concerning whether McClendons trial counsel supports petitioner's due process claim (federal) or not requires an evidentiary hearing in Federal court. And the state courts finding of frivolous and patently without merit, should not be accorded the presumption of correctness and the writ should be issued. But for constitutional error petitioner would not have been convicted, absent the error, there is a reasonable probability that the appellate court would have found McClendon looked for favorable treatment from the state; which trumps a friendship that did not exist; or if this court felt a friendship may have existed, the motive to testify falsely for freedom or less prison time is an powerful incentive to abandon such friendship; and is more probable than not in criminal cases.

Here where there is no evidence of a friendship, and because McClendon lived in the same area as the petitioner over a number of years as neighbors, does not transform into a friendship; Moreover, its not supported by the record.

The issues #4 through 8 either in isolation or the cummulitive effect thereof prejudiced the proceedings during trial and direct appeal. For all of the reasons stated here in the writ should be issued.

Issue # Nine (9)

## This is an Unexhausted Claim

Petitioner was denied his 6th and 14th Amendment right to a Speedy Trial; denied due process of Law under the Amendment 14. of the U.S. Constitution and Equal Protection.

(i)     Here the objective Factor which impeded petitioners ability to raise this particular, is that: that Appelate Counsel gave petitioner some ill advise; moreover, Appellate Counsel failed to brief and argue trial counsel's ineffectiveness and abuse of descretion by the trial court; where petitioner objected to a continuance on August 20, 2002 and on September 3, 2002 demanding an immediate trial.

(ii)     Appellate Counsel was made aware that the petitioner believed his rights to a Speedy trial was violated and equal protection; and due process of law under State and Federal constitution. For example, Appellate Counsel knew:

(A) That on January 16th, 2001 petitioner was taken into custody on a criminal complaint of Murder 5/9-1(a)(2)  (EX. F at page 1 & 5);

(B) that on January 31th 2001 trial court was in receipt of a one count true bill of indictment Charging petitioner with First degree Murder pursuant to 720 ILCS. 5/9-1(a)(2) (West 2000)  (EX. F at page 1);

(C) that on February 14, 2001 a public defender was appointed to represent petitioner; and petitioner demanded a speedy trial (R. 15-16; EX. F at page 2).

(D) that on May 2, 2001 the State motioned to dismiss the (1-31-01) original bill of indictment for one count of murder. Order enters nolle prosequi and State filed an amended superseding bill of indictment charging the original murder count of knowing murder and adding an additional four charges of count 2,3 felony murder predicated on armed robbery and residential burglary and counts 4,5 armed robbery and residential burglary (R.29; EX. F at pages 3-4).

(E). The common law record reveals that the proper prosecuting officer knew about the armed robbery and residential burglary charges filed on May 2, 2001 when it filed the initial indictment on January 31, 2001 as a result of a video taped recording of Patrick Scott's statement to police on November 8, 2000 (c. 48-49).

(F)  Under Illinois law the prosecutor is mandated to bring all criminal prosecutions in a single prosecution; pursuant to 720 ILCS 5/3-3(b); et seq (1996-1999) Stating in relevant part:  "(b) If the serveral offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within Jurisdiction of a single court they [must] be prosecuted in a single prosecution, except as provided in subsection (c) if they are based upon the same at."

(Emphasis added)

(In such cases [Fairness] dictates that these charges relate back to the date the ~~original Charges~~ where filed).

(iii)    With the above authority in mind, here fairness dictates that the state is to be charged with delay of trial from January 16, 2001 through May 2, 2001, for the offenses reflected in the superseding bill of indictment. Thus from January 16, 2001 through May 2, 2001 totals 106 days attributable to the state.

(iv)    During a phone conversation Appellate counsel agreed with the above legal conclusion; but, disagreed with the following and warned petitioner that the trial court did not abuse its discretion and trial counsel could continue against defendants objections and therefore petitioner's claims of ineffective assistance of trial counsel and abuse of discretion was without merit. (Ex. H).

(v)    By Defense counsel, a motion for severance was filed on May 2, 2001 (R. 28 - 32); On June 27, 2001 motion for severance was heard and disposed (R. 66 - 69) Thus from May 2, 2001 through June 27, 2001 totals 56 days this time is attributable to petitioner.

- Matters was set for trial June 27, 2001 through December 5, 2001 with continuances by agreement and totals 192 days; which is attributable to petitioner (Ex. F at 6-7).

- On Dec 5, 2001 public defender Livas was removed from the case and replaced by public defender Mc Grath; continuances by agreement attributable to petitioner, through April 26, 2002 which totals 142 days (R. 88; Ex. F at 7-8).

- On April 26, 2002 Mc Grath withdrew as counsel due to conflict of interest and public defender Livas was reinstated and requested a 3 day continuance until April 29, 2002 which is attributable to petitioner (R. 109 - 111).

- From April 29, 2002 until August 20, 2002, was attributable to the petitioner continued by way of agreement totals 113 day (R. 128)

- On August 20, 2002 petitioner objected to a continuance But trial court continued the case over petitioner's objection insight of counsels oral motion until Sept 3, 2002; which totals 14 days attributable to the state (R. 128 - 134).

- On Sept 3, 2002 the petitioner "again" objected to a continuance; reiterating that he was demanding trial and "again" claiming counsel was not competent. The trial court rejected petitioners complaints and informed petitioner that was merely his opinion; then informed petitioner that counsel would file any motions petitioner wanted to file. The trial court then set the trial date 13 days away; until Sept 16, 2002; attributable to the state.

- On Sept 16, 2002 the state moved for a two day continuance until Sept 18, 2002; attributable to the state (R. 140 - 41).

On september 18, 2002, petitioner agreed to continuances until Nov 6, 2002; which totals 49 days attributable to petitioner. Trial begun on Nov 6, 2002 (R.156).

(Vi)    Petitioner was in custody from January 16, 2001 through January 22, 2003 totaling about 738 days (EX. G)

As showed above the term Complustory Joiner Delay (106 days) attributable to the state and the term Objection and Demand for trial (27 days) attributable to the state; Plus the two days of delay by the state; which, when taken together equals 135 days attributable to the State (give or take a day or two). This violates petitioner's right to a speedy trial under both state and Federal constitution.

Because petitioner took appellate counsels advise as gospel he should not be barred from raising this claim. Petitioner, whole heartedly, relied on the advise of his counsel, who is in a better position to determine if an issue has merit or not. It is the duty of every attorney to inform his/her client of avalible options for alternative legal solutions as well as to explain foreseeable risks and benefits of each for purpose of enabling a client to make imformed decision as to whether foreseeable risks of proposed legal course of actions are justified by its potential benefits when compaired to other courses of action. If the client suffers damages because of happenings of foreseeable risk of which he or she was not informed attorney may be liable; not based upon the impropriety of course of action, but rather upon failure to inform client sufficent to enable him or her to voluntary accept the risk.

(Vii)    Here Appellate counsel advise to petitioner that his claims were without merit allowed for petitioner to take the voluntary acceptance of that advise which caused petitioner damages; which would have been foreseeable to compentant counsel that petitioner was infact forefieting or waiving meritorous claims.

Appellate counsel presented the factual elements of the abuse of discretion claim and ineffective assistance of counsel but didn't develope these issues on direct appeal

# Part IV - Representation

(A) Petitioner had No preliminary hearing

(B) At arraignment and plea petitioner was represented by Public Defender (Assistant) Amy Knickmeier ; 58 E. Clinton St. Suite 210 Joliet, IL. 60432

(C) At Trial; Assistant public defenders Robert Livas and Keith Jones 58 E. Clinton St. Suite 210 Joliet, IL. 60432

(D) See: (C)

(E) On Appeal; Patrick M. Carmody (Assistant Defender) Office of the State Appellate Defender 2010 Larkin Avenue Elgin, IL. 60123 (Second District)

(F) In post-conviction proceeding (Appeal) Peter A. Carusona (Assistant Defender) 1100 Columbus St. Ottawa, IL. 61350 (Third District Appellate Defender)

# Part V - Future Sentence

Petitioner has no other sentence to serve other than the sentence imposed by this conviction.

Wherefore, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: April 5, 2008

No attorney.
Petitioner is Pro-se

I declare under penalty of perjury that the foregoing is true and correct.

Alan Lockhart
#R-18787
Menard Correctional Center
P.O. Box 711
Menard, Illinois. 62259

## PART IV -- REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing _____ N/A _____

(B) At arraignment and plea Public Defender(Assistant) Amy Knickmeier

(C) At trial Public Defenders Robert Livas and Keith Jones. (Assistants)

(D) At sentencing Keith Jones

(E) On appeal (Direct) Patrick M. Carmody (Assistant Defender)

(F) In any post-conviction proceeding (Post conviction appeal) Peter A. Carusona

(G) Other (state): _____

## PART V -- FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO (✓)

Name and location of the court which imposed the sentence: ___ N/A _____

Date and length of sentence to be served in the future _____ N/A _____

   WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: 4-5-08
(Date)

Petitioner  Pro-se  N/A
Signature of attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct.**

~ Ian Lockhart
(Signature of petitioner)

# R-18787
(I.D. Number)

Menard Correctional Center
(Address)
P.O. Box 711
Menard, Illinois. 62259

7

Revised: 7/20/05

## AFFIDAVIT OF AFFIRMATION UNDER PENALTY OF PERJURY

I, _Ian Lockhart_____, affiant, do hereby declare and affirm pursuant to 28 USC 1746, 18 USC 1621, or 735 ILCS 5/109, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I further declare and affirm that the contents of the forgoing documents are known to me and are accurate to the best of my knowledge and belief. Finally, I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the forgoing matter is taken in good faith.

Signed on this _5th_ day of _April_, 2008.

_Ian Lockhart_
**Affiant**
Ian Lockhart
R-18787
Menard Correctional Center
P.O. Box 711
Menard, IL. 62259

# Exhibit

(A) Motion to proceed pro-se or substitution of counsel .... 1

(B) Denial of said Motion .... 5

(C) Appellate Court's ruling on direct appeal .... 6

(D) Appellate Court's ruling on Post-conviction ....26

(E) Court Order for Post-conviction petition ....40

(F) Court Docket - Will County Circuit Clerk ....41

(G) Judgement + Sentence ....62

(H) Affidait for issue #9 ....63

(I) Illinois Supreme court ruling (Direct) ....65

(J) Illinois supreme court ruling (Post conviction) ....66

(K) Search warrant and complaint there of ....67

IN THE
APPELLATE COURT OF ILLINOIS
THIRD JUDICIAL DISTRICT

IAN LOCKHART

    Petitioner,      )
                     )
    vs.              )
                     )
PEOPLE OF THE STATE OF ILLINOIS )   Ind. No. 01-CF-87
    Respondents.     )
                     )
                     )

FILED
FEB 15 2007
THIRD DISTRICT
APPELLATE COURT CLERK

## PROOF/CERTIFICATE OF SERVICE

To: Office of the Clerk
Appellate Court of Illinois
Third Judicial District
1004 Columbus Street
Ottawa, Ill. 61350

To: Robert Agostinelli
Deputy Director
Office of the State
Appellate Defender
Third Judicial District
1100 Columbus Street
Ottawa, Ill. 61350

To: Lawrence M. Bauer
Deputy Director
State Attorney Appellate Prosecutor
628 Columbus St. Suite 300
Ottawa, Ill. 61350

PLEASE TAKE NOTICE that on February 15th, 2007, I have placed the documents listed below, in the institutional mail at Menard Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: Motion for Substitution of Appellate counsel of to be allowed to proceed pro-se.

Pursuant to U.S.C 1746, 18U.S.C. 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above act-oin, that I have read the above documents and the information con-tained therein, is true and correct, to the best of my knowledge.

DATE: 2/15/07

              /s/ Ian Lockhart
              Ian Lockhart
              Reg. No. #R-18787
              Menard Correctional Cntr.
              P.O. Box 711
              Menard, Ill. 62259-0711

- 1 -

EX. A

IN THE
APPELLATE COURT OF ILLINOIS
THIRD JUDICIAL DISTRICT

~~IAN~~ LOCKHART,

     Petitioner

    vs.

PEOPLE OF THE STATE OF ILLINOIS
     Respondents.

)
)
)
)
)  No. 01-CF-87
)
)
)
)

MOTION FOR SUBSTITUTION OF APPELLATE
COUNSEL OR TO BE ALLOWED TO PROCEED
PRO-SE

NOW COMES the Defendant IAN LOCKHART, and respectfully request this Honorable Court to substitute his court appointed appellate counsel, Mr. Peter Carusona, for the following reasons:

1. Appelate counsel refuses to raise petitioner's issues of in-effective assistance of counsel, which was raised pro-se in the Circuit Court, in petitioner's Post-Conviction Petition. Thereby, forcing petitioner to waive his issues, preventing them from being presented for review in other court proceedings.

2. Petitioner is aware that Appellate counsel does not have to raise every issue in his petition, however, Petitioner believes that the issues presented by him, pro-se, in his Post-Conviction Petition, does raise the gist of a constitutional claim, and should have been preserved for petitioner, so that if he chose to proceed in the Federal Courts, he could, as petitioner Lockhart feels that each issue bears merit that couldnot be rebutted by the record.

3. This has created a conflict of interest, as petitioner Lockhart's appellate counsel, Mr. Peter Carusona, has also represented a Mr. Keith Bland jr., (the co-defendant of Ian Lockhart [petitioner] on his post-Conviction appeal, forcing him (Keith Bland jr.) to waive several of his issues. For doing so, petitioner's co-defendant, Mr. Keith Bland jr., filed ineffective assistance of counsel against Mr. Peter Carusona, and in turn, Mr. Carusona filed a motion to have Mr. Bland represented by another office due to the conflict of interest.

4. Under Supreme Court Rule 651 (c), appointed counsel on a Post-Conviction, must consult with the defendant in person, or either by mail, to ascertain his claims of deprivation of constitutional rights, and to amend /supplement issues for preparation in the filing of petitioner's brief.

5. Appointed Appellant counsel Mr. Peter Carusona has not consult-ed with petitioner to ascertain his claims, nor has he filed any supplemental briefs on petitioner's Post-Conviction appeal, thus, leaving petitioner without an avenue to have his issues heard in other proceedings.

- 2 -

①

6. Appellate counsel, Mr. Peter Carusona also refuses to raise in-effective assistance of appellate counsel on direct appeal in petitioner's case, as this petitioner feels that said counsel was ineffective, and initially had written letters to Mr. Carusona, asking him to do so.

Wherefore, for the above stated reasons, Defendant/Petitioner, prays that this Honorable Court will substitute Mr. Carusona as his counsel, or in the alternative, allow petitioner to proceed pro-se with his Post-Conviction proceedings. Should this Honor-able Court grant petitioner's request for substitution, I ask that new counsel be from another office.

Respectfully Submitted,

Ian Lockhart

STATE OF ILLINOIS )
                  )
COUNTY OF WILL    )

## AFFIDAVIT OF SERVICE

I, Ian Lockhart, state that I served a copy of the document to
which this affidavit is attached, upon each party, or, if repre-
sented by counsel, upon the attorney of the record for said parties
by enclosing the same in a sealed envelope, plainly addressed as
is disclosed by the pleadings of record herein, and by depositing
each of such envelopes in the hands of a correctional officer of
the Menard Correctional Center, of which I am presently incarcer-
ated, designated for mailing by the United States Postal Service
at the Menard C.C., Menard, Illinois, together with the appropriate
postage pre-paid and attached, on this 15th day of February, 2007.


                                        _Ian Lockhart_
                                        Ian Lockhart




## VERIFICATION OF CERTIFICATION

    I, Ian Lockhart, being first duly sworn upon oath, deposes
and state that I have read the foregoing document(s), and have know-
ledge of the facts and statements contained therein, and certify
and verify that the same is true, to the best of my knowledge.
Under penalties as provided by law, pursuant to 735 ILCS 5/1-109,
I declare under penalty of perjury.

DATE: 2/15/07                    /s/ _Ian Lockhart_
                                     Ian Lockhart


- 4 -

# STATE OF ILLINOIS

## THIRD DISTRICT APPELLATE COURT



**GIST FLESHMAN**
Clerk of the Court
815 434-5050

1004 Columbus Street
Ottawa, Illinois 61350
TDD 815 434-5068

03/26/07

Mr. Ian Lockhart
Reg. No. R18787
Menard Correctional Center, PO Box 711
Menard, IL  62259-0711

     RE:  General No.  3-06-0084
           Circuit Court No.  01CF87
           County of  Will
           People v. Lockhart, Ian


The Court has this day entered in the above entitled cause the

following order:

       Motion of Appellant, pro se, for substitution of
       counsel or to be allowed to proceed pro se is
       DENIED.

                    GIST FLESHMAN, Clerk
                    Appellate Court
                    Third District

cc: Mr. Peter A. Carusona
    Mr. Lawrence M. Bauer, Deputy Director
    Mr. James Glasgow, State's Attorney
    Mr. Terry A. Mertel

**STATE OF ILLINOIS**

3-03-0214
People v. Ian Lockhart

**APPELLATE COURT**        **THIRD DISTRICT**

**OTTAWA**

At a term of the Appellate Court, begun and held at Ottawa, on the 1st Day of January in the year of our Lord Two thousand five, within and for the Third District of Illinois:

Present –

      HONORABLE KENT SLATER, Presiding Justice        x

      HONORABLE DANIEL L. SCHMIDT, Justice

      HONORABLE TOBIAS G. BARRY, Justice        X

      HONORABLE TOM M. LYTTON, Justice

      HONORABLE MARY W. McDADE, Justice        X

      HONORABLE MARY K. O'BRIEN, Justice

      HONORABLE WILLIAM E. HOLDRIDGE, Justice

        GIST FLESHMAN, Clerk

BE IT REMEMBERED, that afterwards on March 11, 2005 the Order of the Court was filed in the Clerk's Office of said Court, in the words and figures following viz:

-6-

EX. C

The text of this opinion may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same.

No. 3--03--0214

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2004

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | Appeal from the Circuit Court |
| Plaintiff-Appellee, | ) | for the 12th Judicial Circuit, |
| | ) | Will County, Illinois |
| | ) | |
| v. | ) | No. 01--CF--87 |
| | ) | |
| IAN LOCKHART, | ) | Honorable |
| Defendant-Appellant. | ) | Stephen D. White, |
| | ) | Judge, Presiding |

ORDER

Defendant Ian Lockhart was convicted by a jury of first degree murder, armed robbery, and residential burglary. He was sentenced to a 41-year term of imprisonment for first degree murder and a consecutive 16-year term of imprisonment for armed robbery. He appeals.

FACTS

Lockhart was indicted in May 2001 for armed robbery, residential burglary, and three counts of first degree murder. The charges arose from an August 31, 2000 incident in which Lockhart and two others had entered a residence in order to steal guns and then used one of the guns to kill the victim. The Will County Public Defender's Office was appointed by the trial court to represent Lockhart. Two public defenders were assigned to Lockhart's case. One of the attorneys represented Lockhart throughout the entire proceeding. The second attorney assigned to Lockhart's defense was replaced in December 2001 by another attorney in the defender's office. In April 2002, that attorney

withdrew due to a conflict of interest and the second attorney who initially represented Lockhart was reassigned to the case. At that time, the reassigned attorney requested a continuance, which the trial court granted over Lockhart's objections. In August 2002, Lockhart's counsel requested another continuance. Although Lockhart objected, the motion to continue was granted. At a September 2002 appearance, Lockhart complained that his counsel was incompetent and ineffective. The trial court refused Lockhart's request for different counsel but set a trial date per Lockhart's request. At the trial date, Lockhart's counsel again requested a continuance with which Lockhart agreed. The trial court granted the continuance. Thereafter, the case proceeded to trial.

At trial, the following facts were adduced. On August 30, 1999, Lockhart, his brother-in-law and his cousin stopped by the victim's home in the afternoon. One of the victim's sons was the only person home. Lockhart's brother-in-law, who was the victim's stepson, had been evicted from the home and he did not generally visit unannounced. The brother-in-law asked about the family's schedules. Lockhart did not participate in the conversation. Lockhart and the others left after a short time. The threesome returned to the victim's home that evening when the victim was home with her younger son. Lockhart's brother-in-law again questioned his brother about the family's schedules. The following day, August 31, the victim's youngest son called her to pick him up from football practice but could not reach her. He continued to call for a couple of hours until he got a ride home. He entered the house through a back door that was ajar. He discovered his mother, bloodied and laying face down on the living room floor. It was later determined that the victim died from a contact gunshot wound to the head. The victim's son called the police and then attempted to arm himself with weapons that were kept in his parents' bedroom. At the time of the killing, there were four guns in the house: a Beretta 12-gauge shotgun, a 9 mm handgun, a .38 Taurus revolver, and a .25 Beretta

handgun. The guns had been there when Lockhart's brother-in-law lived in the house, although the 9 mm was kept in a different place than it had been at that time. Both the victim's son and her husband discovered that the guns, as well as a VCR and antenna, were missing from the home after the incident in which victim was murdered.

Victor McClendon testified at the trial for the State. At the time of trial, he was in Cook County Jail awaiting trial on charges of aggravated battery to a child. He could not remember any details about Lockhart trying to sell him guns. Although he recalled testifying at the Lockhart's brother-in-law's trial in May 2002, he could not recall any specifics of his testimony or any of the events about which he had testified. During an offer of proof, McClendon stated that he had previously testified against Lockhart's brother-in-law but when he was asked the same questions that he answered at that trial, he testified that he could not recall talking with Lockhart after the murder or the substance of his prior testimony. McClendon further testified that he was going to refuse to answer questions. The State then presented an offer of proof regarding McClendon's prior videotaped statement made to Will County detectives. McClendon stated that he could not remember making the tape or the substance of his statement on the tape. After the videotape was played in an effort to refresh his recollection, McClendon admitted that he recognized himself in the tape but did not remember the conversation that was taped. The jury was then brought in and McClendon testified as follows. He admitted that he had previously testified under oath in May 2002. He could not recall various statements he made in that testimony about a conversation he had with Lockhart in September 2000 about buying guns. He could not remember the events about which he had testified at that time. A transcript of McClendon's prior testimony was then read to the jury. The transcript established that McClendon had testified that he was approached by Lockhart and

3

Lockhart's brother-in-law who were attempting to sell him guns. McClendon's videotape statement was played. The tape indicated that McClendon said he was told by Lockhart that he was with his cousin and brother-in-law when his cousin killed his brother-in-law's stepmother and that the threesome had gone to the victim's house to steal guns.

After deliberations, the jury returned a verdict finding Lockhart guilty on all counts. Thereafter, a sentencing hearing ensued. The trial court merged the residential burglary count into the felony murder charge and sentenced Lockhart to a term of 41 years on the felony murder count based on residential burglary. The trial court further sentenced Lockhart to a consecutive 16-year term of imprisonment for the armed robbery conviction. Lockhart moved to reconsider his sentence. The trial court denied the motion. Lockhart appeals.

ANALYSIS

On appeal, Lockhart complains that the trial court improperly admitted the prior statements of witness Victor McClendon, that the trial court erred by not inquiring into his pretrial claim of ineffective assistance of counsel, and that the trial court abused its discretion in sentencing Lockhart.

The first issue we address is whether the trial court improperly admitted the prior statements of witness Victor McClendon. Lockhart raises two arguments in support of his contention that the prior statements of McClendon were improperly admitted. Lockhart first argues that the admission of McClendon's prior testimony violated his constitutional right to confront the witnesses against him. He asserts that the evidence was introduced pursuant to section 115-10.2 of the Code of Criminal Procedure (Criminal Code) (725 ILCS 5/115-10.2 (West Supp. 2004)) and that section 115-10.2 is unconstitutional under the recent decision in Crawford v. Washington, 541 U.S. ___, 158 L. Ed. 2d 117, 124 S. Ct. 1354 (2004). In the alternative, Lockhart argues that even if section 115-10.2 is not

4

unconstitutional, the prior statements were improperly admitted because McClendon did not refuse to testify at trial and was never threatened with contempt for refusing to testify. Although this court generally reviews a trial court's evidentiary rulings for an abuse of discretion, because this issue involves a question of law, our review is *de novo*. People v. Hall, 195 Ill. 2d 1, 20, 743 N.E.2d 126, 137-38 (2000).

As a threshold question, we consider the State's argument that Lockhart has waived this issue by failing to raise in a posttrial motion that his right to cross-examine witnesses was violated by the introduction of McClendon's prior testimony and statements. To preserve an issue for appeal, a defendant must object at trial and include the objection in a posttrial motion. People v. Lindsey, 201 Ill. 2d 45, 53, 772 N.E.2d 1268, 1274 (2002). The failure to raise an issue in a motion for a new trial results in waiver of the issue. People v. Enoch, 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1129 (1988). Waiver, however, is a limitation on the parties, not the court, and we may consider the issue on appeal. People v. Austin, 328 Ill. App. 3d 798, 807, 767 N.E.2d 433, 442 (2002).

We now turn to Lockhart's argument. The record in the instant case establishes that the State offered, and the trial court admitted, the transcript and videotape under section 115-10.1 of the Criminal Code (725 ILCS 5/115-10.1 (West 2002)). Accordingly, Lockhart's argument concerning the admissibility of the statements under section 115-10.2 (725 ILCS 5/115-10.2 (West Supp. 2004)) of the Criminal Code and the constitutionality of that statute are without merit. We will, however, examine whether the evidence was properly admitted pursuant to section 115-10.1 of the Criminal Code (725 ILCS 5/115-10.1 (West 2002)) and whether that statute satisfies the constitutional constraints set forth in Crawford.

Pursuant to section 115-10.1, "[i]n all criminal cases, evidence of a statement made by a

5

—11—

witness is not made inadmissible by the hearsay rule if

(a)   the statement is inconsistent with his testimony at the hearing or trial, and

(b)   the witness is subject to cross-examination concerning the statement, and

( c)   the statement –

(1)   was made under oath at a trial, hearing, or other proceeding, or

(2)   narrates, describes, or explains an event or condition of which the witness had personal knowledge, and

\*\*\*

(b)   the witness acknowledged under oath the making of the statement either in his testimony at the hearing or trial in which the admission into evidence of the prior statement is being sought, or at a trial, or other proceeding, or

( c)   the statement is proved to have been accurately recorded by a tape recorder, videotape recording, or any other similar electronic means of sound recording." 725 ILCS 5/115-10.1 (West 2002).

To determine whether a prior out-of-court statement is admissible, the proponent of the statement must first meet the requirements of section 115-10.1 and only if those requirements are satisfied, should the Crawford holding be considered. People v. Martinez, 348 Ill. App. 3d 521, 535, 810 N.E.2d 199, 212 (2004). For purposes of section 115-10.1, a prior statement may be considered inconsistent when it has a tendency to contradict the testimony presented at trial. People v. Zurita, 295 Ill. App. 3d 1072, 1077, 693 N.E.2d 887, 891 (1998). Inconsistencies may be found in changes in position, evasive answers, or silence. Zurita, 295 Ill. App. 3d at 1077, 693 N.E.2d at 891. A

witness's gap in recollection regarding the content of a prior statement does not inevitably preclude an opportunity for effective cross-examination. People v. Flores, 128 Ill. 2d 66, 88, 538 N.E.2d 481, 489 (1989).

We first consider the requirements of section 115-10.1. At trial, McClendon claimed to be unable to recall the events about which he had earlier testified and about which he had given a videotaped statement. His inability to recall constitutes an inconsistency and satisfies the first requirement for admissibility under section 115.10.1. As to the second requirement, McClendon was available at trial and subject to cross-examination concerning his prior statements, notwithstanding his claimed lack of memory. The record demonstrates that McClendon was cross-examined, albeit some of his responses indicated that he was unable or unwilling to recollect various matters. He did, however, answer every question presented to him. The statements in the transcripts were made under oath at an earlier trial. In his videotaped statement, he related what he was told by Lockhart regarding the robbery and murder. The statements of the videotape were within McClendon's personal knowledge. The tape was accurately recorded. Thus, the statutory requirements under section 115-10.1 were satisfied.

We must now consider if any constitutional implications arise from the Crawford decision. The confrontation clause provides that "in all criminal prosecutions, the accused shall enjoy the right *** to be confronted with the witnesses against him." U.S. Const., amend. VI. The Crawford Court held that the testimonial statements of a witness who is unavailable at trial may not be used against a criminal defendant unless the defendant had a prior opportunity to cross-examine the witness. Crawford, 541 U.S. at ___, 158 L. Ed. 2d at 197, 124 S. Ct. at 1369. In Martinez, 348 Ill. App. 3d at 534-535, 810 N.E.2d at 212, the appellate court considered the ramifications of the Crawford

7

decision on section 115-10.1 (725 ILCS 5/115-10.1 (West 2002)). As explained in that decision, the Crawford Court specifically stated that "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." Martinez, 348 Ill. App. 3d at 534, 810 N.E.2d at 212, quoting Crawford, 541 U.S. at ___ n.9, 158 L. Ed. 2d at 197 n.9, 124 S. Ct. at 1369 n.9. Thus, because McClendon appeared at trial for cross-examination, the confrontation clause was not implicated. Accordingly, we hold that the transcript and videotaped statements were properly admitted.

The second issue is whether the trial court erred by not inquiring into Lockhart's pretrial claim of ineffective assistance of counsel. Lockhart argues that the trial court did not adequately inquire into his claim. Pointing to instances where he complained that his counsel was ineffective, Lockhart contends that the trial court did not undertake any action to determine the nature of his claims and argues that this case should be remanded for adequate inquiry into his ineffective assistance of counsel claims.

We initially note that contrary to the State's argument, it appears to be immaterial whether Lockhart complained of ineffective assistance before trial or after trial. In People v. DeRossett, 262 Ill. App. 3d 541, 634 N.E.2d 1257 (1994), the reviewing court considered the defendant's pretrial complaints of ineffective assistance. After examining the trial court's inquiry into the defendant's complaints, the reviewing court determined that there was no basis to the defendant's claim and that the trial court did not err in refusing to appoint different counsel. DeRossett, 262 Ill. App. 3d at 544, 634 N.E.2d at 1259-60.

Where a defendant asserts that his counsel was ineffective, the trial court is required to conduct some kind of investigation into the underlying factual basis of the defendant's assertions.

8

People v. Baltimore, 292 Ill. App. 3d 159, 164-65, 685 N.E.2d 627, 631 (1997). There should be some interchange between the trial court and the defendant's trial attorney to explain the alleged neglect. People v. Parsons, 222 Ill. App. 3d 823, 830-31, 584 N.E.2d 442, 448 (1991). The operative concern for the reviewing court is whether the trial court conducted an adequate inquiry into the motion. People v. Johnson, 159 Ill. 2d 97, 125, 636 N.E.2d 485, 497 (1994). This court reviews whether a trial court conducted an adequate inquiry into a claim of ineffective assistance of counsel *de novo*. Woods v. Cole, 181 Ill. 2d 512, 516, 693 N.E.2d 333, 335 (1998).

Lockhart's argument is without merit. The record reveals that the trial court made an adequate inquiry into Lockhart's claim of ineffective assistance. During pretrial proceedings, Lockhart objected to a request for continuance for further preparation time made by defense counsel, apparently due to the fact that one of the attorneys assigned to Lockhart's case had been removed, then reassigned shortly before trial. Lockhart complained that his attorneys had ample time to prepare his case and the request for a continuance was unnecessary. The trial court questioned both parties, as well as Lockhart, regarding the request for continuance. Counsel for the State informed the court that she had recently received supplemental discovery as well as notice of an alibi defense from Lockhart's counsel. The court acknowledged that Lockhart's counsel was attending to the case. The court questioned Lockhart about his contact with his attorneys and discovered that the first chair for Lockhart's defense had been in regular contact with him throughout the proceedings. The trial court granted the motion for continuance, and on the next date, Lockhart asked the court to file a motion for new counsel and requested an immediate trial date. After the trial court again questioned counsel for both parties and Lockhart, it determined that Lockhart's claims of ineffective assistance were merely his opinion. Per Lockhart's request, a trial date was set. At that trial date,

Lockhart informed the court that he agreed with his counsel's request for another continuance. After questioning Lockhart regarding his understanding of his rights to a speedy trial, the trial court granted the continuance. We find that the trial court conducted an adequate inquiry into Lockhart's claims of ineffective assistance of counsel.

The final issue for our consideration is whether the trial court abused its discretion in sentencing Lockhart. Lockhart complains that the trial court abused its discretion when it sentenced him to a term of 41-years imprisonment for first degree murder and a consecutive sentence of 16-years imprisonment for armed robbery. He argues that because he had no history of violence and because there was no evidence that he was the actual shooter, his sentence was excessive and should be reduced.

Sentences should be determined according to the seriousness of the offense and with the goal of restoring the offender to useful citizenship. Ill. Const. 1970, art. I, § 11. Sentencing has a threefold purpose: to provide adequate punishment for an offense; to safeguard society from further offenses; and to rehabilitate the offender. People v. Miles, 53 Ill. App. 3d 137, 143-44, 368 N.E.2d 187, 191 (1977). The factors to be considered in determining a sentence include the defendant's age, demeanor, habits, mentality, credibility, criminal history, general moral character, social environment, and education, as well as the nature and circumstances of the crime and of the defendant's conduct in committing it. People v. Quintana, 332 Ill. App. 3d 96, 109, 772 N.E.2d 833, 845 (2002). Because a trial court is in the best position to consider all the factors related to sentencing, it has wide latitude in sentencing a defendant to a term within the statutory range for the crime as long as the court does not consider incompetent evidence, improper aggravating factors, or ignore pertinent mitigating factors. People v. Spencer, 229 Ill. App. 3d 1098, 1102, 595 N.E.2d 219, 221 (1992).

10

This court reviews a trial court's sentencing determination for an abuse of discretion. People v. C.H., 255 Ill. App. 3d 315, 334, 626 N.E.2d 359, 373 (1993).

The trial court did not abuse its discretion in sentencing Lockhart. First degree murder is punishable by a sentence of 20 to 60 years. 730 ILCS 5/5-8-1(a)(1)(a) (West Supp. 2004). Armed robbery is punishable by a sentence of 6 to 30 years. 730 ILCS 5/5-8-1(a)(3) (West Supp. 2004). His sentence is within the statutory guidelines. People v. Dupree, 339 Ill. App. 3d 512, 521, 793 N.E.2d 31, 41 (2003) (determining that a sentence that is within the statutory guidelines is not excessive unless it conflicts with the spirit and purpose of the law or is disproportionate to the offense). The trial court stated that it considered all the factors in aggravation and mitigation, including the defendant's rehabilitative potential. People v. Dominguez, 255 Ill. App. 3d 995, 1004, 626 N.E.2d 775, 783 (1994) (discussing that where a sentencing court examines the presentence report, it is presumed that it took into account the defendant's rehabilitation potential). Moreover, although Lockhart asserts that violence was not intended and that the crime was not premeditated, the record belies this assertion. Lockhart and his accomplices visited the victim's home the day before the robbery to ascertain the various schedules of the family members. The group returned to rob the house at a time when it was probable that the victim would be present. Equally unpersuasive is Lockhart's assertion that his sentence is excessive because there was no evidence that he was the actual shooter. One of the other participants, who allegedly was not the shooter either, received a sentence of 48-years imprisonment for the murder and a 28-year term for armed robbery.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

BARRY, J., with SLATER, P.J. concurring and MCDADE, J. dissenting.

11

NOTICE

The text of this opinion may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same.

No. 3--03--0214

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2005

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| Plaintiff-Appellee, | ) | for the 12th Judicial Circuit, |
| | ) | Will County, Illinois |
| | ) | |
| v. | ) | No. 01--CF--87 |
| | ) | |
| IAN LOCKHART, | ) | Honorable |
| Defendant-Appellant. | ) | Stephen D. White, |
| | ) | Judge, Presiding. |

JUSTICE McDADE, dissenting:

I believe the statement of the witness Victor McClendon was improperly admitted and that the matter should be remanded for a new trial so that a jury can arrive at a verdict without consideration of McClendon's testimony during an earlier trial of a different defendant. Accordingly, I dissent from the majority's decision affirming the admission of the challenged statement and affirming the conviction. Because of this position, I would not have reached the other two issues presented for review and do not discuss them here.

Defendant claims that the admission of McClendon's statement in the circumstances of this case violated his sixth amendment right to confront the witnesses against him. As the majority order recites, review of this issue is a two-step process. First we determine whether the three requirements of section 115-10.1 of the Criminal Code (725 ILCS 5/115-10.1 (West 2002)) have been met. Only if they have do we consider whether there has been constitutional

compliance as set out in *Crawford v. Washington,* 541 U.S.36, 158 L. Ed. 2d 177, 124 S.Ct. 1354 (2004). I do not, however, think we can fully assess compliance with the state statute without reference to parts of the analysis in *Crawford* which dictate how we must analyze section 115-10.1 in order to avoid rendering it unconstitutional.

Pursuant to section 115-10.1, an out-of-court statement previously made by a witness can be admitted as substantive evidence without violating the hearsay rule only if:

(a) it is inconsistent with the witness's trial testimony,

(b) the witness is subject to cross-examination concerning the statement, **and**

(c) the statement was made under oath in a judicial proceeding *or* it relays information about which the witness had personal knowledge *and* he acknowledged the statement under oath at the current trial or another *or* it is proved to have been accurately recorded.

In my opinion only the third requirement has been satisfied with regard to Victor McClendon's prior trial testimony.

None of the requirements of section 115-10.1 has been met for the earlier statement McClendon made to the police that was also admitted in Lockhart's trial. Nor does that earlier statement meet the admission requirements of section 115-10.2 because the requisite "unavailability" of the witness, as specifically defined in that section, is "limited to the situation in which the declarant persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so." 725 ILCS 5/115-10.2(c) (West 2002). Based on that definition, McClendon was not "unavailable."

The balance of my discussion will be limited to the subject of the admissibility of McClendon's testimony at an earlier trial, which will be referred to from this point on as the

2

statement.

The statement is not "inconsistent" with his testimony at Lockhart's trial and does not,
therefore, satisfy the first requirement. The prior statement was McClendon's testimony at the
trial of Lockhart's co-defendant, Keith Bland, concerning his having been approached by
defendant and Bland about selling some guns. McClendon was called to the stand twice in
Lockhart's trial. The first time he testified that he remembered testifying in Bland's trial but could
not recall a statement he had given to the police or the events described in it. Several days later,
he was recalled to the stand, re-shown the tape of his interview with the police and again testified
that he had no recollection of the events. He also testified that he had been taking three
prescription medications for the preceding five or six years for seizures and delusions, and that he
had been hospitalized prior to giving his statement to the police because he was hearing voices.
He continued to hear voices after the interview and a month later voluntarily admitted himself into
Cermak Health Services for mental health problems. This testimony was not refuted.

The essence of McClendon's testimony at Lockhart's trial was that while he
acknowledged testifying to certain conversations at Bland's trial, he could not testify to them in
this trial because he had no independent recollection of them having occurred. He proffered the
information about his mental health problems to lend credence to his lack of recollection.

In my opinion, the critical focus in determining whether the statutory requirement of
inconsistency has been met is the testimony's *factual* substance – McClendon's knowledge of
circumstances related to the crime with which Lockhart was charged. The testimony elicited by
the State from McClendon in Bland's trial was the fact of Bland and Lockhart's approach to him
about selling guns. That was the testimony the State needed or wanted in Lockhart's trial. What

3

it got was McClendon's testimony that he did not have any present recall of those events and, therefore, could not testify to them. It is clear when McClendon's testimony from the two trials is compared, that from the Bland trial has no tendency to contradict that given in Lockhart's trial. There was, therefore, no substantive inconsistency and the first statutory requirement was not met.

Nor was the second. Again, it is critically important to focus on the substance of McClendon's testimony. The hearsay testimony that was admitted as evidence to be used against Lockhart was that Lockhart and Bland approached McClendon about selling some guns. The State succeeded in getting that evidence before the jury through the back door, but defendant could not cross-examine on that testimony because McClendon persisted in his denial of any present recollection of those events. Defendant *could* cross-examine about whether he remembered talking to the police and whether he had testified at Bland's trial, and even whether he had previously said, under oath, that Lockhart had talked to him about selling guns. What he could not cross-examine him on was the who, what, where, when, why, and how of the actual evidence the State was going to use to convict him of murder and robbery.

The majority seems to hold that as long as McClendon's body was in the courtroom and on the stand, he was "subject to cross-examination." It apparently does not matter that defense counsel could not test the substance of his evidence because of McClendon's failure of memory, whether genuine or feigned. For the reasons I have discussed, I believe such a position is wrong and that the witness was not subject to cross-examination.

Strong support for this conclusion and the principle that underlies it can be found in the Supreme Court's discussion in *Crawford v. Washington*:

4

- 21 -

"To be sure, the [sixth amendment] Clause's ultimate goal is to ensure reliability of evidence, but it is a procedural rather than a substantive guarantee. It commands, not that evidence be reliable, but that reliability be assessed in a particular manner, by testing in the crucible of cross-examination. The Clause thus reflects a judgment, not only about the desirability of reliable evidence (a point on which there could be little dissent), but about how reliability can best be tested." *Crawford,* 541 U.S. at 41, 158 L. Ed. 2d at 199, 124 S. Ct at 1370.

Justice Scalia, writing for the majority, stated:

"To add insult to injury, some of the courts that admit untested testimonial statements find reliability in the very factors that *make* the statements testimonial. *** Other courts routinely rely on the fact that a prior statement is given under oath in judicial proceedings. (Citations omitted.) That inculpating statements are given in a testimonial setting is not an antidote to the confrontation problem, but rather the trigger that makes the clause's demands most urgent. It is not enough to point out that most of the usual safeguards of the adversary process attend the statement, when the single safeguard missing is the one the *Confrontation Clause* demands." *Crawford,* 541 U.S. at 51-52, 158 L. Ed. 2d at 202-03, 124 S. Ct. at 1373. (Emphasis in the original.)

5

− 22 −

Finally, the *Crawford* court also observed:

> "The Constitution prescribes a procedure for determining the
> reliability of testimony in criminal trials, and we, _no less than the_
> _state courts_, lack authority to replace it with one of our own
> devising." *Crawford,* 541 U.S. at __, 158 L. Ed. 2d at 202, 124 S.
> Ct. at 1373. (Emphasis added.)

If our statute does, indeed, require only physical presence on the stand for the admission of a
previous testimonial statement in lieu of a meaningful opportunity for the defendant's counsel to
cross-examine on the substance of the witness's information, it appears to me that *Crawford*
demands that the statute be found unconstitutional.

The Illinois appellate court has considered the impact of *Crawford* in at least two
published opinions. In *In re T.T.,* 351 Ill. App. 3d 976, 815 N.E.2d 789 (2004), the court found
the statements of a minor given to a police detective, a DCFS investigator, and a physician to be
testimonial in nature and inadmissible in the absence of an opportunity to cross-examine. In that
case, the minor was in court, took the stand, began to testify, stated that the respondent had
unbuttoned her pajama suit, said nothing further happened, and refused to testify further. The
court found that:

> "Based on the trial court's ruling that G.F. [after having given some
> testimony] was unavailable, she did not complete direct
> examination at trial and was not subject to any cross-examination.
> Accordingly, introduction of her statements to the detectives
> violated respondent's right to confront the witnesses against him."

*In re T.T.*, 351 Ill. App. 3d at 989, 815 N.E.2d at 801.

The court also found that there was a reasonable probability that the admission of the testimonial evidence had contributed to the adjudication of delinquency and that the other evidence in the case was not overwhelming. I believe those same conclusions would be warranted in our case.

*In re Rolandis G.*, 352 Ill. App. 3d 776, 777, 817 N.E.2d 183, 185 (2004), considered respondent's appeal from his adjudication of delinquency on the bases that the court erred in admitting the victim's out-of-court statements because (1) although the victim answered some preliminary questions, he was unavailable to testify where he refused to talk about the alleged offense; (2) the State failed to introduce evidence to corroborate the out-of-court statements; and (3) section 115-10 violates the confrontation clause to the extent it permits introduction of a "testimonial" out-of-court statement where the accused did not have the opportunity to cross-examine the declarant. The court agreed with the third argument, found some of the statements to be testimonial and, therefore, inadmissible under *Crawford*, reversed the delinquency adjudication, and remanded for a new hearing. *Rolandis G.*, 352 Ill. App. 3d at 781, 784, 817 N.E.2d at 188, 190-91.

Based on the reasoning of these three cases, I believe that, like the first statutory requirement of inconsistency, the second – that the witness be "subject to cross-examination" – has also not been satisfied. Because all three must be met before the challenged testimony can be admitted, I would find that the prior testimony of Victor McClendon was not admissible under Section 115-10.1 of the Criminal Code.

Having determined that use of McClendon's earlier testimony was not authorized by the statute, I would not have found any additional consideration of *Crawford* to be necessary. The

7

majority did reach the constitutional question, however, and completed the analysis, finding that the admission of McClendon's prior testimony did not violate defendant's sixth amendment right to confront the witness against him. Because I believe the reasoning and findings of *Crawford* clearly require the opposite conclusion, I also dissent from that determination.

McClendon's statement was clearly testimonial. Although he was present in court, his asserted inability to remember the events that constituted the substance of the earlier statement and the resultant lack of meaningful opportunity for defense counsel to cross-examine do not support a finding of compliance with either section 115-10.1 or the sixth amendment's confrontation clause. Defendant's conviction must be reversed and the matter remanded for a new trial.

- 25 -

**STATE OF ILLINOIS**



3-06-0084
People v. Ian Lockhart

**APPELLATE COURT**          **THIRD DISTRICT**

**OTTAWA**

At a term of the Appellate Court, begun and held at
Ottawa, on the 1st Day of January in the year of our Lord
Two thousand seven, within and for the Third District of
Illinois:

Present -

HONORABLE TOM M. LYTTON, Presiding Justice          X

HONORABLE MARY W. McDADE, Justice          X

HONORABLE MARY K. O'BRIEN, Justice

HONORABLE WILLIAM E. HOLDRIDGE, Justice

HONORABLE ROBERT L. CARTER, Justice

HONORABLE DANIEL L. SCHMIDT, Justice          X

HONORABLE VICKI R. WRIGHT, Justice

GIST FLESHMAN, Clerk

BE IT REMEMBERED, that afterwards on

_September 14, 2007_   the   Order of the Court was filed
in the Clerk's Office of said Court, in the words and figures
following viz

**RECEIVED**

**SEP 15 2007**

Office of the State Appellate Defender
*THIRD DISTRICT*
OTTAWA, ILLINOIS

- 26 -

EX. D

NOTICE

The text of this opinion may be changed
or corrected prior to the time for filing of a
No. 3--06--0084 Petition for Rehearing or the disposition
of the same.

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2007

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS,<br><br>    Plaintiff-Appellee,<br><br>    v.<br><br>IAN LOCKHART,<br><br>    Defendant-Appellant. | ) Appeal from the Circuit Court<br>) of the 12th Judicial Circuit,<br>) Will County, Illinois,<br>)<br>)<br>) No. 01--CF--87<br>)<br>) Honorable<br>) Stephen D. White,<br>) Judge, Presiding. |

ORDER

Defendant Ian Lockhart was convicted of first degree murder
and armed robbery and was sentenced to consecutive terms of
imprisonment of 41 and 16 years, respectively.  720 ILCS 5/9--
1(a)(2), 18--2 (West 2000).  On appeal, Lockhart's convictions were
affirmed by this court.  People v. Lockhart, No. 3--03--0214 (2005)
(unpublished order under Supreme Court Rule 23).  Pursuant to the
Illinois Post-Conviction Hearing Act (Act), Lockhart then filed a
pro se postconviction petition alleging the constitutional
violations of denial of due process and ineffective assistance of
counsel.  725 ILCS 5/122--1 et seq. (West 2004).  The trial court
summarily dismissed the petition, finding that Lockhart's claims
were frivolous and patently without merit.  Lockhart appeals, and
we affirm.

-- 27 --

## FACTS

At trial, the evidence showed that on August 30, 2000, Ian Lockhart, Keith Bland, Jr., and Christopher Scott, Lockhart's brother-in-law and cousin respectively, visited the residence of Delores and Keith Bland, Sr. Delores and Keith Sr. were Keith Jr.'s stepmother and father. They lived with their sons, Kory Bland and Kenneth Gordon. Keith Jr. had been evicted from the home by his father over a year before; it was unusual for him to drop in unannounced. The trio claimed the purpose of the visit was to show Keith Jr.'s Navy discharge papers to Delores. However, the actual purpose was to ascertain the schedules of the residents of the home. Further, the group also wanted to determine whether four guns, namely a 12-gauge shotgun, a 9-mm. handgun, a .38 revolver and a .25 handgun, that Keith Jr. believed were in the residence were still there. With the exception of the 9-mm., which had recently been moved, Keith Jr. knew where the guns were kept.

The following day, the trio returned to the Bland residence to take the guns. While the three were in the home, Delores returned. When she asked what the men were doing, she was shot. Later that evening, Kory returned home. He entered the residence through the back door, which was slightly ajar, and found the home ransacked, his mother lying dead on the living room floor. Kory noticed that except for the 9-mm., the other guns were missing; he later discovered the VCR and TV antenna were missing. The same model TV antenna was later found at the home of Lockhart's wife.

Detective Michael Guilfoyle interviewed Lockhart twice, once

2

-28-

the day after the murder and again about 3½ months later.  During the second interview, Lockhart changed numerous aspects of his story about what occurred on the day of the murder.  First, Lockhart told the detective that he spent the afternoon of the murder with his wife at his mother-in-law's home.  At the second interview, Lockhart told police he went to his mother-in-law's home in the morning to obtain money to purchase a birthday gift for his wife, a used VCR and a TV antenna.  He then spent the rest of the afternoon and evening at his wife's home.  Lockhart also gave Detective Guilfoyle different dates for the purchases of both the VCR and TV antenna, and claimed that he purchased the VCR on the street, but got rid of it just a few days later because he feared police would check the serial number.  Lockhart told Guilfoyle that he wrapped his wife's present, but later stated that he set up the VCR and TV antenna for her to use on her birthday.  Lockhart also implicated Chris Scott and Keith Jr. in the crime.

At Lockhart's trial, his cellmate Jason Smith testified that he and Lockhart discussed Lockhart's involvement in Delores' murder in their cell.  Lockhart told him that the trio went to the home to steal the guns, intending to make the theft appear as part of a general residential burglary by ransacking the home and stealing other items.  Lockhart said they needed the guns because they were robbing people for drugs and money, and needed the guns for protection.  Lockhart also told Smith that he took the Blands' VCR and TV antenna to further their guise of a residential burglary attempt and gave them to his wife as a birthday gift.  Smith said

3

he did not have a deal with the police or prosecutor when he testified against Lockhart; rather, he had already entered a blind plea of guilty on the charge for which he was incarcerated two months before he spoke to police about Lockhart's statements.   He had come forward after speaking with a nun because he felt guilt knowing of a murder and not saying anything about it.

At the trial, the State offered as evidence the prior testimony of Victor McClendon, from Keith Jr.'s trial, as well as McClendon's recorded statement to the Will County police. McClendon had indicated that sometime in early September 2000, Lockhart and Keith Jr. approached McClendon on a Chicago street , inquiring whether he wanted to purchase a handgun and shotgun.

At sentencing, while exercising his right of allocution, Lockhart stated that he wanted to take the stand in his own defense, but that he "did not get on the stand because [he] was advised not to" by his attorney, who also told Lockhart that he would "make things worse than they already are" if he testified. The jury found Lockhart guilty of first degree murder and armed robbery, for which he was sentenced to consecutive terms of imprisonment of 41 and 16 years, respectively.   720 ILCS 5/9-- 1(a)(2), 18--2 (West 2000).   Lockhart appealed and this court affirmed his convictions.

Lockhart then filed a pro se postconviction petition alleging the denial of due process and ineffective assistance of counsel. Lockhart alleged that he did not testify because of the fear and anxiety caused by his having to wear a stun belt.   Lockhart also

4

alleged that his trial counsel was inadequate because he knew Lockhart was forced to wear the stun belt, but did not object to its use.   The trial court dismissed Lockhart's petition at the first stage, deeming his claims frivolous and patently without merit.   Lockhart then appealed to this court.

ANALYSIS

On appeal, Lockhart contends that his postconviction petition presented the gist of a constitutional claim of denial of due process and ineffective assistance of counsel.   Specifically, Lockhart argues that the stun belt made him afraid to testify and that trial counsel was ineffective when he failed to object to its use.

Under the Act, any person imprisoned in a penitentiary may file a petition for postconviction relief if the individual asserts there was a substantial denial of his constitutional rights at trial.   725 ILCS 5/122--1(a) (West 2004).   In a noncapital case, the Act provides a three-stage process for adjudicating postconviction petitions.   At the first stage, a judge may summarily dismiss a petition if it is found frivolous and patently without merit.   725 ILCS 5/122--2.1(a)(2) (West 2004).   A petition is considered frivolous or patently without merit if the petitioner's allegations, taken as true, fail to state the gist of a constitutional claim.   People v. Collins, 202 Ill. 2d 59, 782 N.E.2d 195 (2002).   The petitioner need only present a limited amount of detail to meet this standard.   People v. Kellerman, 342 Ill. App. 3d 1019, 804 N.E.2d 1067 (2003).   While all well pled

5

allegations are liberally construed and normally taken to be true, they will not be so considered if contradicted by the record. People v. Coleman, 183 Ill. 2d 366, 701 N.E.2d 1063 (1998). We review de novo the first-stage dismissal of a postconviction petition. Kellerman, 342 Ill. App. 3d 1019, 804 N.E.2d 1067.

I. Denial of Due Process

Lockhart claims he was denied due process when he was forced to wear an electronic stun belt during his trial without a hearing pursuant to People v. Boose, 66 Ill. 2d 261, 362 N.E.2d 303 (1977). Lockhart further alleges that he did not testify out of fear and anxiety from having to wear the stun belt.

In Boose, the Illinois Supreme Court held that it is in the discretion of the trial judge whether to order the defendant to be physically restrained at trial. Boose, 66 Ill. 2d 261, 362 N.E.2d 303. In making this determination, the trial court is to consider 13 enumerated factors, and if the judge decides the defendant should remain shackled during the proceeding, the reasons for this decision should be stated for the record. Boose, 66 Ill. 2d 261, 362 N.E.2d 303. In People v. Allen, 222 Ill. 2d 340, 856 N.E.2d 349 (2006), the court held that the Boose analysis applied to other forms of physical restraints, such as stun belts. In Allen, the Illinois Supreme Court also held that even in the absence of a jury, the court must consider the Boose factors and that a failure to do so results in a due process violation. Allen, 222 Ill. 2d 340, 856 N.E.2d 349.

Usually, if a defendant does not object to use of the stun

6

belt at trial, the issue is deemed waived in a postconviction hearing. See People v. Johnson, 154 Ill. 2d 272, 609 N.E.2d 252 (1992). In general, a defendant's failure to both object to alleged error at trial and raise the issue in a posttrial motion results in the forfeiture of the issue on appeal. People v. Enoch, 122 Ill. 2d 176, 522 N.E.2d 1124 (1988). The waiver doctrine does not, however, preclude review if plain error was committed or if the error was waived as a result of trial counsel's ineffective representation. See People v. Benford, 295 Ill. App. 3d 695, 692 N.E.2d 1285 (1998).

To establish plain error in a postconviction proceeding, the defendant must show that the evidence was so closely balanced that the jury's verdict of guilt may have resulted from the error as opposed to the evidence, or that the error was so serious that the defendant was denied a substantial right, and thus a fair trial. Allen, 222 Ill. 2d 340, 856 N.E.2d 349.

In this case, Lockhart alleges that he was forced to wear the stun belt, and the record does not show that the trial court conducted a Boose hearing to determine whether restraint was warranted. Therefore, Lockhart's due process rights were violated. However, we must examine whether this violation resulted in a plain error that warrants reversal of the trial court's summary dismissal of Lockhart's postconviction petition.

In the instant situation, the evidence was not closely balanced. The evidence adduced at trial established the following: Lockhart accompanied Keith Jr. and Scott to the scene of the

7

robbery and murder the day before it occurred to learn the schedules of the residents and to ascertain whether the guns still remained in the residence.   Keith Jr. not only learned that the guns were still in the home, but also knew exactly where the guns were kept, with the exception of the 9-mm. handgun that had recently been moved.   After the robbery, all of the guns were missing, except for the 9-mm.   A VCR and TV antenna were also taken from the Bland home.   Lockhart told a detective that he had given his wife an antenna for her birthday and admitted to Smith that he took the VCR and antenna from the Blands' home to make the motive for the crime appear to be a residential burglary.   The TV antenna found in the home of Lockhart's wife was identical to the TV antenna stolen from the Bland residence.

Additionally, Lockhart admitted to Smith that he, Scott, and Keith Jr. were responsible for the death of Delores.  He told Smith their motive for committing the crime.   Also, Lockhart gave Detective Guilfoyle different accounts of his whereabouts on the day of the murder.   Thus, we conclude that the evidence was not closely balanced, but overwhelmingly favored the prosecution.

Next, Lockhart argues that the error was so prejudicial that it resulted in an unfair trial.  He claims that he did not testify due to fear and anxiety from having to wear the stun belt at trial. He further claims that he would have taken the stand were it not for the stun belt.   However, Lockhart was advised by his attorney that he should not testify.   At sentencing Lockhart stated to the judge that he "did not get on the stand because I was advised not

8

to." Moreover, the record also shows that counsel stated that if Lockhart did take the stand, he would "make things worse than they already are." Thus, the record shows that Lockhart did not testify because his attorney advised him not to, not because of the stun belt. He suffered no prejudice that would have resulted in an unfair trial.

Therefore, we conclude that Lockhart cannot establish that forcing him to wear a stun belt in the absence of a <u>Boose</u> hearing was plain error requiring reversal of the trial court's summary dismissal of his postconviction petition.

## II. Ineffective Assistance of Counsel

Next, Lockhart argues he was denied the effective assistance of counsel when his trial counsel knew he was wearing a stun belt, yet failed to object to its use at trial.

In order to establish a valid claim of ineffective assistance of counsel, a defendant must establish both that (1) his attorney's conduct fell below an objective standard of reasonableness, and (2) the defendant was prejudiced by the deficient performance. <u>Strickland v. Washington</u>, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984); <u>People v. Albanese</u>, 104 Ill. 2d 504, 473 N.E.2d 1246 (1984). The defendant bears the burden of overcoming a strong presumption in favor of finding that counsel's advocacy was effective. <u>Albanese</u>, 104 Ill. 2d 504, 473 N.E.2d 1246. The failure to meet either prong of the <u>Strickland</u> test precludes a finding of ineffective assistance of counsel. <u>People v. Caballero</u>, 126 Ill. 2d 248, 533 N.E.2d 1089 (1989). A court may resolve a

9

claim of ineffective assistance of counsel by reaching only the prejudice prong of the <u>Strickland</u> test, because lack of prejudice makes the issue of counsel's alleged deficient performance irrelevant.   <u>People v. Hall</u>, 194 Ill. 2d 305, 743 N.E.2d 521 (2000).  In determining the effectiveness of counsel, the reviewing court examines the totality of the counsel's conduct, not isolated incidents.   <u>People v. Mitchell</u>, 105 Ill. 2d 1, 473 N.E.2d 1270 (1984).

Lockhart was not prejudiced by the failure of his trial counsel to object to the use of the stun belt.  Lockhart told the trial judge that he did not testify based on the advice of counsel. His decision was made because of his attorney's advice, not because he had to wear the stun belt.

In addition, as we have previously stated, the evidence against Lockhart was overwhelming.  Thus, Lockhart failed to show he was prejudiced by counsel's failure to object to the use of the stun belt.

CONCLUSION

The order of the circuit court of Will County, dismissing the defendant's postconviction petition is affirmed.

Affirmed.

LYTTON, PJ., with SCHMIDT, J., concurring and MCDADE, J., dissenting.

10

NOTICE

The text of this opinion may be changed
or corrected prior to the time for filing of a
Petition for Rehearing or the disposition
of the same.

No. 3--06--0084

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2007

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 01--CF--87 |
| IAN LOCKHART, | ) ) | Honorable Stephen D. White, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McDade, dissenting:

There was nothing frivolous about Lockhart's post-conviction petition. The Will County

Circuit Court routinely flouts the supreme court's directive in *People v. Boose*, 66 Ill. 2d 261, 362

N.E.2d 303 (1977), that no defendant should be restrained during trial unless the specific need for

the specific person to be restrained has been determined in a pre-trial hearing. The supreme court

held in *Boose* that the failure to hold such a pre-trial evaluation violates the due process protection

in the fourteenth amendment to the United States Constitution. That holding has been reiterated

several times by our supreme court, most notably in its recent decision in *People v. Allen*, 222 Ill. 2d

340, 856 N.E. 2d 349 (2006).

Not only does the county court violate the directive by its persistent refusal to follow it, the

practice has become institutionalized -- it is now the "standard policy." To facilitate the policy and

compound the frustration of constitutional protections and supreme court mandates, Will County now apparently utilizes a form -- Will County Adult Detention Facility Inmate Notification Form -- which allegedly advises an inmate that he is required to wear the belt and forces him to acknowledge being advised of this requirement and of the belt's seemingly draconian and potentially lethal capabilities. Lockhart has asserted that he signed the form only after being assured that he would wear the stun belt whether or not he signed the document.

Moreover Lockhart's explanations for his failure to testify are not mutually exclusive. Knowing he was wearing the stun belt and that he was at risk of a 50,000 volt jolt at any time may have made him inappropriately amenable to his attorney's suggestion that he would be wiser not to testify.

The petition presented the gist of a constitutional claim and the petitioner should have been assigned an attorney to flesh out his claim that he had been unconstitutionally denied a fair trial. Because he was not, I respectfully dissent.

2

```
STATE OF ILLINOIS,   )
APPELLATE COURT,     )   ss.
THIRD DISTRICT       )
```

As Clerk of the Appellate Court, in and for said Third District of the State of Illinois, and keeper of the Records and Seal thereof, I do hereby certify that the foregoing is a true, full and complete copy of the opinion of the said Appellate Court in the above-entitled cause, now of record in this office.

In Testimony Whereof, I hereunto set my hand and affix the seal of said Appellate Court at Ottawa, this 14th day of September in the year of our Lord two thousand seven.

_____

Clerk of the Appellate Court

STATE OF ILLINOIS)
          )SS
COUNTY OF WILL )

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT**
**WILL COUNTY, ILLINOIS**

FILED
05 JAN -9 AM 10: 46
CLERK, CIRCUIT COURT
WILL COUNTY, ILLINOIS

_____People_____
        Plaintiff(s)

VS                    CASE NO: ___01 CF 87___

_____Ian Lockhart_____
        Defendant(s)

## COURT ORDER

Defendant is not personally present. The state is present by ASA Osterberger. The matter comes on the Court's review of the pending post-conviction petition under 725 ILCS 5/122-2.1

    It is hereby ordered:

The Court finds the petition to be frivolous and patently without merit. The petition is ordered DISMISSED.

    The Clerk is directed to notify defendant by sending him a copy of this order and notice of his appellate rights under Supreme Court Rule 651 via certified mail by January 19, 2006

    The court directed the state to prepare the order.

Name: ___Osterberger ASA___
Attorney For: ___People___
ARDC#: _____
Address: ___121 N. Chicago___
City: ___Joliet Il 60435___
Telephone: ___7278453___

Date: ___January 9___, 20__
Entered: _____
            Judge

- 40 -

**17D** (Revise 12-99) CRSOS

EX. E

1   CSP048
Date:   1/26/200
Time:  10/07/2
Page:    1
User: PACY
Wsid: CCLKCS14
All Entries Fc
+

2001 CF 000087   Judge: WHITE STEPHEN D        From   0/00/0000 To 99/99/9

Case Names_____ Attorney Names_____
VS
LOCKHART R18787 IAN        JONES KEITH FREDERICK

__Date__

1/16/2001 Charge 01 Count 001 MURDER/STRONG PROB KILL/INJURE Aug 31,2000
Defendant LOCKHART R18787 IAN
Statute 720 5/9-1(a)(2)  Class M  Orig.
Agency: WILL COUNTY SHERIFF DEPT WCSD   Charge Instr: COMPLAINT

1/16/2001 Complaint-MURDER

1/17/2001  Amt $3000000.00
People of the State of Illinois present by Assistant State's
Attorney, NICOLE L. KIMBLE.  Defendant present in custody of the
Will County Sheriff pursuant to a warrant on video court.
Complaint is filed; copy served on defendant.   Charges and rights
explained. Public Defender is waived. Defendant submits a
certificate of trial in absentia. Case is set for arraignment or
preliminary hearing. Bond set in the amount of $3,000,000.00 - 10%
is to stand.  Defendant remanded to the custody of the Will County
Sheriff.
Preliminary Hearing Feb 07,2001 09:30AM Rm405  Judge WHITE Canceled
Judge:GARRISON JAMES E      M

1/18/2001 Mittimus for Failure to Give Bail

1/18/2001 Sheriff's Fee Bill Amt $41.00

1/31/2001 Charge 02 Count 001 MURDER/STRONG PROB KILL/INJURE Aug 31,2000
Defendant LOCKHART R18787 IAN
Statute 720 5/9-1(a)(2)  Class M  Orig.
Agency: WILL COUNTY SHERIFF DEPT WCSD   Charge Instr: INDICTMENT

1/31/2001 Bill of Indictment

1/31/2001
People of the State of Illinois present by Assistant State's
Attorney GREGORY L. DEBORD .  Court is in receipt of a one count
Bill of Indictment. Same is presented and ordered filed.
Defendant is presently in custody of the Will County Sheriff.
Warrant is stayed. Bond set at $3,000,000.00 - 10 % to apply.
Matter is set for arraignment.
Arraignment Feb 07,2001 09:30AM Rm405  Judge WHITE
Judge:WHITE STEPHEN D  Rep:HODGES NANCY   Clerk:PHSS  M

2/07/2001
People of the State of Illinois present by Assistant State's
Attorney, KIMBERLY A. FLADHAMMER. Defendant appears in custody of
the Sheriff of Will county pursuant to video.  Attorney STEVEN
EBERHART present but is not filing his appearance at this time.
on. On motion of the defendant to hire counsel, arraignment is
continued.  Defendant remanded.
Arraignment Feb 14,2001 09:30AM Rm405  Judge WHITE
Judge:WHITE STEPHEN D  Rep:BALIS-HUSSAR THERESE   Clerk:MEHM  M

-41-

C O N T I N U E D   O N   N E X T   P A G E

EX. F

COURT DOCKET - WILL COUNTY CIRCUIT - Case 1:08-cv-02374 LL Document 1 Filed 04/28/2008 Page 73 of 105  2  CSP048
Date:  1/26/2006
Time: 10/07/26
Page:  2
From  0/00/0000 To 99/99/9
User: PACY

2001 CF 000087  Judge: WHITE STEPHEN D

__Date__

2/07/2001 Warrant of Arrest Served Returned by the Sheriff

2/14/2001 Affidavit of Assets and Liabilities

2/14/2001 Certificate of Trial in Absentia

2/14/2001

People of the State of Illinois present by Assistant State's
Attorney, KENNETH A. CHUDWIN. Defendant appears in custody of the
Sheriff of Will County. Attorney Steven Eberhart present but is
not filing his appearance. Steven Richards, State Appellate
Defender, present. Defendant moves for appointment of counsel.
Defendant submits affidavit of assets and liabilities. Public
Defender appointed. AMY KNICKMEIER present and accepts the
appointment. Matter comes on for arraignment on pending Bill of
Indictment. Underlying Complaint is dismissed on motion of the
People due to the filing of the Bill of Indictment. Order enters
nolle prosequi. Copy is provided to defendant by counsel in open
court. Counsel acknowledges receipt, waives formal reading and
enters a plea of not guilty. Defendant demands speedy trial.
Discovery is ordered pursuant to Supreme Court Rules 412 and 413.
State to comply by February 21, 2001. Defense to comply by
February 26. 2001. Matter is set for pretrial before the
Honorable Judge Steven D. White. Defendant remanded.
Pretrial Feb 28,2001 09:30AM Rm405  Judge WHITE
Judge:WHITE STEPHEN D   Rep:STIRNIMAN PATRICIA    Clerk:MEHM  M

2/14/2001 Disposition 01/00  Count 001  No Fine & Cost Signed
Judge WHITE STEPHEN D  Defendant LOCKHART R18787 IAN
Atty MCGRATH TIMOTHY JAMES  Asst States Attorney CHUDWIN KENNETH A
Disposition: Dismiss/Superseded by Indictment or Information MURDER/S
Disposition Type: Court Action   Defendant Plea: No Plea Entered
Statute 720 5/9-1(a)(2)  Class M  Orig.
Sentence: 02/14/2001
No Fine & Cost                 .00
Judge:WHITE STEPHEN D

2/16/2001 List Of Witnesses

2/16/2001 Notification of Reports Summarizing Witnesses Oral Statement

2/16/2001 Statements of the Defendant

2/16/2001 Physical Evidence

2/16/2001 Information That Tends To Negate the Guilt of the Accused

2/16/2001 Record of Conviction of the Defendant

2/16/2001 Grand Jury Minutes

2/16/2001 Expert Gang Witnesses

-42-

C O N T I N U E D   O N   N E X T   P A G E

Case 1:08-cv-02374    Document 1    Filed 04/25/2008    Page 74 of 105    3    CSP048
Date:    1/26/2006
Time: 10/07/26
Page:    3
2001 CF 000087   Judge: WHITE STEPHEN D        From   0/00/0000 To 99/99/9
User: PACY

__Date__

2/27/2001 Supplemental Notification of Reports Summarizing Witnesses

2/27/2001 Physical Evidence

2/28/2001 Motion for Discovery FILED BY   STATES ATTORNEY CHUDWIN KENNETH A

2/28/2001 See Order Signed

2/28/2001 Sheriff's Fee Bill Amt $10.00

2/28/2001

    People of the State of Illinois present by Assistant State's
    Attorney, KENNETH A. CHUDWIN. Defendant appears in custody of the
    Sheriff and by ROBERT P. LIVAS.  By agreement, matter continued
    for further pretrial.  Defendant remanded.
    Pretrial Mar 29,2001 09:30AM Rm405  Judge WHITE
    Judge:WHITE STEPHEN D   Rep:STRAMAGLIA JAMES   Clerk:PHSS  M

3/29/2001 Sheriff's Fee Bill Amt $10.00

3/29/2001

    People of the State of Illinois present by Assistant State's
    Attorney, JANINE BOGGS and KENNETH CHUDWIN.  Defendant appears in
    custody of the Will County Sheriff and by KEITH JONES on behalf of
    ROBERT P. LIVAS. Matter continued for further pretrial by
    agreement.  Defendant remanded.
    Pretrial May 02,2001 09:30AM Rm405  Judge WHITE
    Judge:WHITE STEPHEN D   Rep:BALIS-HUSSAR THERESE    Clerk:NEST  M

4/17/2001 Search Warrant RETURNED EXECUTED AT 737 GARFIELD OAK PARK Dec 30,2000
    Judge WHITE FILED BY   WILL COUNTY SHERIFF DEPARTMENT

4/17/2001 SUPPLEMENTAL PHYSICAL EVIDENCE FILED BY
    Asst States Attorney BOGGS JANINE

4/17/2001 Supplemental Notification of Reports Summarizing Witnesses

4/20/2001 Physical Evidence - supplemental

5/02/2001 Charge 07 Count 005 RESIDENTIAL BURGLARY Aug 31,2000
    Defendant LOCKHART R18787 IAN
    Statute 720 5/9-1(a)(2)  Class M  Orig.
    Agency: WILL COUNTY SHERIFF DEPT WCSD  Charge Instr: First Supersedin

5/02/2001 Charge 07 Count 005 RESIDENTIAL BURGLARY Aug 31,2000
    Defendant LOCKHART R18787 IAN
    Statute 720 5/9-1(a)(2)  Class M  Orig.
    Agency: WILL COUNTY SHERIFF DEPT WCSD  Charge Instr: First Supersedin

5/02/2001 Charge 07 Count 005 RESIDENTIAL BURGLARY Aug 31,2000
    Defendant LOCKHART R18787 IAN
    Statute 720 5/9-1(a)(2)  Class M  Orig.

        C O N T I N U E D   O N   N E X T   P A G E

                        -43-                    C000388

2001 CF 000087  Judge: WHITE STEPHEN D

__Date_

5/02/2001 Agency: WILL COUNTY SHERIFF DEPT WCSD  Charge Instr: First Supersedin

5/02/2001 Charge 07 Count 005 RESIDENTIAL BURGLARY Aug 31,2000
          Defendant LOCKHART R18787 IAN
          Agency: WILL COUNTY SHERIFF DEPT WCSD  Charge Instr: First Supersedin

5/02/2001 Charge 07 Count 005 RESIDENTIAL BURGLARY Aug 31,2000
          Defendant LOCKHART R18787 IAN
          Statute 720 5/19-3(a)  Class 1  Orig.
          Agency: WILL COUNTY SHERIFF DEPT WCSD  Charge Instr: First Supersedin

5/02/2001 Bill of Indictment

5/02/2001 Sheriff's Fee Bill Amt $10.00

5/02/2001

          People of the State of Illinois present by Assistant State's
          Attorney, JANINE BOGGS. Defendant appears in custody of the
          Sheriff and by ROBERT P. LIVAS.  Court is in receipt of a five
          count First Superseding Bill of Indictment.  Bond is set in the
          amount of $3,000,000.00-10% to apply.  Matter comes on for
          arraignment on pending Bill of Indictment.  Underlying Bill of
          Indictment is dismissed on motion of the People due to the filing
          of the Bill of Indictment.  Order enters nolle prosequi.  Copy is
          provided to defendant by counsel in open court.  Counsel
          acknowledges receipt, waives formal reading and enters a plea of
          not guilty.  Discovery is ordered pursuant to Supreme Court Rules
          412 and 413 previously ordered to stand.  Matter is set for
          hearing on motion to sever.  Defendant remanded.
          Hearing May 16,2001 09:30AM Rm405  Judge WHITE
          Judge:WHITE STEPHEN D   Rep:VITHOULKAS STEVE    Clerk:PHSS  M

5/02/2001 Disposition 02/00  Count 001  No Fine & Cost Signed
          Judge WHITE STEPHEN D  Defendant LOCKHART R18787 IAN
          Atty JONES KEITH FREDERICK  Asst States Attorney BOGGS JANINE
          Disposition: Dismiss/Superseded by Indictment or Information MURDER/S
          Disposition Type: Court Action   Defendant Plea: No Plea Entered
          Statute 720 5/9-1(a)(2)  Class M  Orig.
          Sentence: 05/02/2001
          No Fine & Cost              .00
          Judge:WHITE STEPHEN D

5/09/2001 Sheriff's Fee Bill Amt $10.00

5/15/2001 Supplemental Notification of Reports Summarizing Witnesses FILED BY
          Asst States Attorney BOGGS JANINE

5/15/2001 SUPPLEMENTAL PHYSICAL EVIDENCE

5/16/2001

          People of the State of Illinois present by JANINE BOGGS.
          Defendant appears in custody of the Sheriff of Will County and by

          C O N T I N U E D   O N   N E X T   P A G E

CSP048
Date:    1/26/2006
Time:   10/07/26
Page:       5
User: PACY

2001 CF 000087   Judge: WHITE STEPHEN D        From  0/00/0000 To 99/99/9

__Date__

5/16/2001 ROBERT P. LIVAS and KEITH JONES.  On motion of the State, no
          objection by the Defendant, matter continued for hearing on Motion
          to Sever.  Defendant remanded.
          Hearing Jun 05,2001 09:30AM Rm405  Judge WHITE
          Judge:WHITE STEPHEN D   Rep:STRAMAGLIA JAMES    Clerk:MEHM  M

6/05/2001 Sheriff's Fee Bill Amt $10.00

6/05/2001
          People of the State of Illinois present by JANINE BOGGS.
          Defendant appears in custody of the Sheriff of Will County and by
          Assistant Public Defender, KEITH JONES.  Matter comes on
          defendant's motion to sever.  Hearing held.  Matter continued for
          further hearing on motion.  Defendant remanded.
          Hearing Jun 07,2001 09:30AM Rm405  Judge WHITE
          Judge:WHITE STEPHEN D   Rep:RIMKEVICIUS ANNA MAR    Clerk:MEHM  M

6/05/2001 Case Law

6/05/2001 Case Law

6/05/2001 Notice Of Intent To Seek Consecutive Sentences

6/07/2001 Sheriff's Fee Bill Amt $10.00

6/07/2001
          People of the State of Illinois present by Assistant State's
          Attorney, JANINE BOGGS. Defendant in person in custody of the Will
          County Sheriff.  ROBERT P. LIVAS appears on behalf of the
          defendant. By agreement of the parties, case is continued for
          hearing on motion to sever.  The defendant is remanded to the
          custody of the Will County Sheriff.
          Hearing Jun 19,2001 09:30AM Rm405  Judge WHITE
          Judge:WHITE STEPHEN D   Rep:RIMKEVICIUS ANNA MAR    Clerk:NCPT  M

6/19/2001 Sheriff's Fee Bill Amt $10.00

6/19/2001
          People of the State of Illinois present by JANINE BOGGS.
          Defendant appears in custody of the Sheriff.  Matter continued.
          Defendant remanded.
          Hearing Jun 22,2001 09:30AM Rm405  Judge WHITE
          Judge:WHITE STEPHEN D   Rep:RIMKEVICIUS ANNA MAR    Clerk:PHSS  M

6/22/2001 Sheriff's Fee Bill Amt $10.00

6/22/2001
          People of the State of Illinois present by JANINE BOGGS.  Matter
          continued.
          Hearing Jun 27,2001 09:30AM Rm405  Judge WHITE
          Judge:WHITE STEPHEN D   Rep:DANLEY JENNIFER   Clerk:PHSS  M

C O N T I N U E D   O N   N E X T   P A G E

C000390

COURT DOCKET - WILL COUNTY CIRCUIT CLERK
Case 1:08-cv-02374   Document 1   Filed 04/25/2008   Page 77 of 105
Date:    1/26/2006
Time: 10/07/26
Page:    6
User: PACY

CSP048

2001 CF 000087   Judge: WHITE STEPHEN D      From  0/00/0000 To 99/99/9

Date
6/27/2001 Sheriff's Fee Bill Amt $10.00

6/27/2001
          People of the State of Illinois present by JANINE BOGGS.
          Defendant appears in custody of the Sheriff and by ROBERT P.
          LIVAS.  Motion to sever is allowed.  01 CF 86, 01 CF 87, 01 CF 88
          are severed.  Matter continued on motion of defendant.  Defendant
          remanded.
          Setting (For Trial) Jul 16,2001 09:30AM Rm405  Judge WHITE
          Judge:WHITE STEPHEN D   Rep:MAIER TAMMY   Clerk:PHSS   M

7/16/2001 Sheriff's Fee Bill Amt $10.00

7/16/2001 CF - Continuance by Defendant
          People of the State of Illinois present by JANINE BOGGS.
          Defendant appears in person in custody of the Will County Sheriff
          and by ROBERT P. LIVAS.  On motion of the defendant, matter
          continued.  The defendant is remanded to the custody of the Will
          County Sheriff.
          Setting (For Trial) Jul 30,2001 09:30AM Rm405   Judge WHITE
          Judge:WHITE STEPHEN D   Rep:VITHOULKAS STEVE   Clerk:NCPT   M

7/30/2001 Sheriff's Fee Bill Amt $10.00

7/30/2001 Supplemental List of Witnesses FILED BY
          Asst States Attorney BOGGS JANINE

7/30/2001 Supplemental Notification of Reports Summarizing Witnesses

7/30/2001
          People of the State of Illinois present by Assistant State's
          Attorney, JANINE BOGGS. Defendant appears in custody of the
          Sheriff and by ROBERT LIVAS.  By agreement, matter is set for
          trial.  Defendant remanded.
          Jury Trial Nov 13,2001 09:30AM Rm405  Judge WHITE Canceled
          Judge:WHITE STEPHEN D   Rep:BALIS-HUSSAR THERESE   Clerk:PHSS   M

10/15/2001 Motion TO CONTINUEPHONED BY ATTY JONES
           Motions Oct 18,2001 09:30AM Rm405   Judge WHITE

10/16/2001 Notice of Motion FILED BY  Atty MCGRATH TIMOTHY JAMES

10/16/2001 Motion TO CONTINUE

10/16/2001 Affidavit

10/18/2001 Sheriff's Fee Bill Amt $10.00

10/18/2001
           People of the State of Illinois present by JANINE BOGGS.
           Defendant appears in custody of the Will County Sheriff and by
           ROBERT P. LIVAS.  Matter comes on for Defense Motion to Continue

           C O N T I N U E D   O N   N E X T   P A G E

                          - 46 -                    C000391

2001 CF 000087   Judge: WHITE STEPHEN D          From  0/00/0000 To 99/99/9

__Date__

10/18/2001  Jury Trial Date.  State having no objection, Motion is granted.
            Matter is continued for pretrial and filing of pretrial motions.
            Defendant Remanded. November 13, 2001 date is stricken.
            Pretrial Dec 05,2001 09:30AM Rm405  Judge WHITE
            Judge:WHITE STEPHEN D   Rep:STRAMAGLIA JAMES   Clerk:DAWS  M

12/05/2001  Sheriff's Fee Bill Amt $10.00

12/05/2001  Supplemental List of Witnesses FILED BY
            Asst States Attorney BOGGS JANINE

12/05/2001  Supplemental Notification of Reports Summarizing Witnesses

12/05/2001
            People of the State of Illinois present by Assistant State's
            Attorney, JANINE BOGGS. Defendant appears in the custody of the
            Will County Sheriff  and by TIMOTHY J. MCGRATH. Matter continued
            for further pretrial on motion of the Defendant, no objection
            Pretrial Jan 09,2002 09:30AM Rm405  Judge WHITE
            Judge:WHITE STEPHEN D   Rep:DANLEY JENNIFER   Clerk:CLTR  M

 1/02/2002  Supplemental Notification of Reports Summarizing Witnesses FILED BY
            Asst States Attorney BOGGS JANINE

 1/09/2002  Sheriff's Fee Bill Amt $10.00

 1/09/2002
            People of the State of Illinois present by Assistant State's
            Attorney, MATTHEW GUZMAN. Defendant appears in custody of the
            Sheriff and by TIMOTHY J. MCGRATH. Matter continued for further
            pretrial by agreement.  Defendant remanded.
            Pretrial Feb 01,2002 09:30AM Rm405  Judge WHITE
            Judge:WHITE STEPHEN D   Rep:STIRNIMAN PATRICIA   Clerk:PHSS  M

 2/01/2002
            The People of the State of Illinois are present by Assistant
            State's Attorney, FRANK S. BYERS.  Defendant is present in the
            custody of the Will County Sheriff with Attorney TIMOTHY J.
            MCGRATH.  Matter comes on for Trial.  By agreement  matter is
            continued and reset for Trial.
            Jury Trial May 06,2002 09:30AM Rm405  Judge WHITE Canceled
            Judge:WHITE STEPHEN D   Rep:STIRNIMAN PATRICIA   Clerk:CLTR  M

 2/01/2002  Sheriff's Fee Bill Amt $10.00

 4/23/2002
            People by JANINE BOGGS.  Defendant by KEITH F. JONES.  Matter
            continued.
            Status Apr 26,2002 09:30AM Rm405  Judge WHITE
            Judge:WHITE STEPHEN D   Rep:BALIS-HUSSAR THERESE   Clerk:NCPT  M

 4/23/2002  Supplemental Notification of Reports Summarizing Witnesses FILED BY
            Asst States Attorney BOGGS JANINE

C O N T I N U E D   O N   N E X T   P A G E
                         - 47 -                          C000392

COURT DOCKET - WILL COUNTY CIRCUIT CLERK          CSP048
Date:  1/26/2006
Time: 10/07/26
Page:    8
2001 CF 000087  Judge: WHITE STEPHEN D      From  0/00/0000 To 99/99/9
User: PACY

__Date__

4/26/2002 Sheriff's Fee Bill Amt $10.00

4/26/2002
          People by JANINE BOGGS.  Defendant present in custody of the
          Sheriff and by KEITH F. JONES.  Matter continued on motion of the
          defendant.  Defendant remanded.
          Setting (For Trial) Apr 29,2002 09:30AM Rm405  Judge WHITE
          Judge:WHITE STEPHEN D   Rep:BALIS-HUSSAR THERESE   Clerk:MAPI  M

4/29/2002
          People by JANINE BOGGS.  Defendant is present in the custody of
          the Will County Sheriff with Attorney KEITH JONES  for KEITH F.
          JONES.  Matter comes on for setting for trial.  On motion of the
          Defendant matter is continued and reset for Trial.
          Jury Trial Jun 24,2002 09:30AM Rm405  Judge WHITE
          Judge:WHITE STEPHEN D   Rep:MAIER TAMMY   Clerk:CLTR  M

4/29/2002 Sheriff's Fee Bill Amt $10.00

5/17/2002 Supplemental Notification of Reports Summarizing Witnesses FILED BY
          Asst States Attorney BOGGS JANINE

6/20/2002 Notice of Filing FILED BY  Atty JONES KEITH FREDERICK

6/20/2002 SUPPLEMENTAL DISCLOSURE TO THE PROSECUTION

6/24/2002 Sheriff's Fee Bill Amt $10.00

6/24/2002 See Order Signed

6/24/2002 Supplemental Notification of Reports Summarizing Witnesses FILED BY
          Asst States Attorney BOGGS JANINE

6/24/2002
          People present by JANINE BOGGS.  Defendant appears in custody of
          the Sheriff and by KEITH F. JONES.  Matter continued for trial on
          motion of defendant and by agreement.  Defendant remanded.
          Jury Trial Aug 19,2002 09:30AM Rm405  Judge WHITE
          Judge:WHITE STEPHEN D   Rep:STRAMAGLIA JAMES   Clerk:PHSS  M

8/01/2002 Notice of Filing FILED BY  Atty JONES KEITH FREDERICK

8/01/2002 2ND SUPPLEMENTAL DISCLOSURE TO THE PROSECUTION

8/14/2002 Writ of Habeas Corpus - Order FOR JASON SMITH
          Return Date Aug 21,2002 01:30PM Rm405  Judge WHITE

8/15/2002 Writ of Habeas Corpus - Order FOR MICHAEL KIELMINSKI
          Return Date Aug 22,2002 01:30PM Rm405  Judge WHITE Canceled

8/15/2002 Writ of Habeas Corpus - Order FOR VICTOR MCCLENNDON

          C O N T I N U E D   O N   N E X T   P A G E

COURT DOCKET - WILL COUNTY CIRCUIT CLERK                    9    CSP048
Case 1:08-cv-02374   Document 1   Filed 04/25/2008   Page 80 of 105   Date: 1/26/2006
                                                                 Time: 10/07/26
                                                                 Page:    9
        2001 CF 000087  Judge: WHITE STEPHEN D    From  0/00/0000 To 99/99/9
                                                                 User: PACY

Date
8/19/2002 Sheriff's Fee Bill Amt $10.00

8/19/2002
        People present by JANINE BOGGS.  Defendant appears in custody of
        the Sheriff and by KEITH F. JONES.  Matter continued for trial on
        motion of defendant.  Defendant remanded.
        Jury Trial Aug 20,2002 09:30AM Rm405  Judge WHITE
        Judge:WHITE STEPHEN D   Rep:MAIER TAMMY   Clerk:PHSS  M

8/20/2002 Sheriff's Fee Bill Amt $10.00

8/20/2002
        People present by JANINE BOGGS.  Defendant appears in custody of
        the Sheriff and by KEITH F. JONES and ROBERT LIVAS.  Matter
        continued for trial setting on motion of defense.  Defendant
        remanded.
        Setting (For Trial) Sep 04,2002 09:30AM Rm405  Judge WHITE Canceled
        Judge:WHITE STEPHEN D   Rep:MAIER TAMMY   Clerk:PHSS  M

8/20/2002 See Order Signed

8/27/2002 NOTICE FILED BY ATTY JEFF TOMCZAK
        Motions Sep 03,2002 09:30AM Rm405   Judge WHITE

9/03/2002 Sheriff's Fee Bill Amt $10.00

9/03/2002
        People present by JANINE BOGGS . Defendant present in custody
        of the Sheriff and by KEITH JONES and ROBERT LIVAS.  Matter is
        set for jury trial.  Defendant remanded.
        Jury Trial Sep 16,2002 09:30AM Rm405  Judge WHITE
        Judge:WHITE STEPHEN D   Rep:STRAMAGLIA JAMES   Clerk:MAPI  M

9/05/2002 Writ of Habeas Corpus - Order FOR VICTOR MCCLENNDON
        Return Date Sep 19,2002 09:30AM Rm405  Judge WHITE Canceled

9/05/2002 Writ of Habeas Corpus - Order FOR MICHAEL KIELMINSKI

9/16/2002 Sheriff's Fee Bill Amt $10.00

9/16/2002
        People present by MATTHEW GUZMAN.  Defendant present in custody of
        the Sheriff and by KEITH JONES AND ROBERT LIVAS. On motion of the
        People, Case is continued for jury trial, no objection by
        defendant.  Defendant remanded.
        Jury Trial Sep 18,2002 09:30AM Rm405  Judge WHITE
        Judge:WHITE STEPHEN D   Rep:DANLEY JENNIFER   Clerk:MAPI  M

9/18/2002 Sheriff's Fee Bill Amt $10.00

9/18/2002 Writ of Habeas Corpus - Order FORE MICHAEL KIELMINSKI
        Return Date Sep 23,2002 09:30AM Rm405  Judge WHITE

C O N T I N U E D   O N   N E X T   P A G E

-49-

C000394

2001 CF 000087   Judge: WHITE STEPHEN D      From  0/00/0000 To 99/99/9

__Date__

9/18/2002 Writ of Habeas Corpus - Order FOR VICTOR MCCLENNDON

9/18/2002

People present by JANINE BOGGS. Defendant is present in person in custody of the Will County Sheriff and with Attorney ROBERT LIVAS, co-counsel with KEITH F. JONES who is not present. Matter comes on for Trial. People announce "ready". On motion of the Defendant, over the People's objection, matter is continued and reset for Trial. Defendant remanded.
Jury Trial Nov 04,2002 09:30AM Rm405  Judge WHITE
Judge:WHITE STEPHEN D   Rep:BALIS-HUSSAR THERESE   Clerk:NCPT  M

9/23/2002

People present by MATTHEW GUZMAN. Writ for witness continued to previous set date of November 4, 2002.
Judge:WHITE STEPHEN D   Rep:MORIARTY-DAVIS COLLE   Clerk:CLTR  M

11/01/2002 Writ of Habeas Corpus - Order FOR VICTOR MCCLENNDON
Return Date Nov 08,2002 09:30AM Rm405  Judge WHITE

11/01/2002 Writ of Habeas Corpus - Order FOR MICHAEL HAMILTON

11/04/2002

People present by JANINE BOGGS. Defendant is present in the custody of the Will County Sheriff with Attorney  Keith Jones. Matter comes on for Trial. On motion of the Defendant matter is continued and reset for Trial.
Jury Trial Nov 06,2002 09:30AM Rm405  Judge WHITE
Judge:WHITE STEPHEN D   Rep:STIRNIMAN PATRICIA   Clerk:CLTR  M

11/04/2002 Sheriff's Fee Bill Amt $10.00

11/06/2002 Sheriff's Fee Bill Amt $10.00

11/06/2002

People present by JANINE BOGGS and JOHN CONNOR. Defendant present in custody of the Sheriff and by KEITH JONES and ROBERT LIVAS. Matter comes on for trial. Twelve jurors and four alternates selected, seated and sworn. Matter continued for further jury trial. Defendant remanded.
Jury Trial in Progress Nov 07,2002 10:30AM Rm405  Judge WHITE
Judge:WHITE STEPHEN D   Rep:STIRNIMAN PATRICIA   Clerk:MAPI  M

11/07/2002

People present by JANINE BOGGS and JOHN CONNER. Defendant appears in the custody of the Will County Sheriff and by KEITH F. JONES and KEITH JONES. Motion to exclude witnesses allowed. Opening statements made. Witness sworn. Testimony and evidence presented. Stipulation read to the Jury. Matter recessed and continued for further Jury Trial.
Jury Trial in Progress Nov 12,2002 10:30AM Rm405  Judge WHITE
Judge:WHITE STEPHEN D   Rep:STIRNIMAN PATRICIA   Clerk:CLTR  M

C O N T I N U E D   O N   N E X T   P A G E

- 80 -

C000395

COURT DOCKET - WILL COUNTY CIRCUIT CLERK          CSP048
                                          Date:  1/26/2006
                                          Time: 10/07/26
                                          Page:   11
2001 CF 000087   Judge: WHITE STEPHEN D      From  0/00/0000 To 99/99/9
                                          User: PACY

__Date__

11/07/2002 Sheriff's Fee Bill Amt $10.00

11/08/2002 Petition FOR ISSUANCE OF SUBPOENA ON OUT OF STATE WITNESS FILED BY
           Asst States Attorney BOGGS JANINE

11/12/2002 Sheriff's Fee Bill Amt $10.00

11/12/2002

           People present by JANINE BOGGS and JOHN R. CONNOR.  Defendant is
           present in person in custody of the Will County Sheriff and with
           Attorney KEITH F. JONES and ROBERT LIVAS.  Matter comes on for
           trial in progress.  Sworn testimony heard on behalf of the People.
           Matter is continued and reset for further trial proceedings.
           Defendant remanded.
           Jury Trial in Progress Nov 13,2002 10:30AM Rm405  Judge WHITE
           Judge:WHITE STEPHEN D   Rep:STIRNIMAN PATRICIA   Clerk:NCPT  M

11/13/2002

           People present by JANINE BOGGS and JOHN CONNER.  Defendant is
           present with Attorney KEITH F. JONES and ROBERT LIVAS.  Matter
           comes on for Trial.  Witnesses sworn.  Testimony and evidence
           presented on behalf of the People  Matter recessed and continued
           for further Jury Trial. Writs for witnesses continued.
           Jury Trial in Progress Nov 14,2002 10:00AM Rm405  Judge WHITE
           Judge:WHITE STEPHEN D   Rep:STIRNIMAN PATRICIA   Clerk:CLTR  M

11/13/2002 Sheriff's Fee Bill Amt $10.00

11/14/2002 Sheriff's Fee Bill Amt $10.00

11/14/2002

           People present by JANINE BOGGS  and JOHN CONNOR. Defendant
           present in custody of the Sheriff and by KEITH JONES and
           ROBERT LIVAS.  Cause coming on for further trial. Jury enters
           at 1:53 p.m.  Court excuses jury to November 20, 2002 at 10:30
           a.m. due to the unavailability of the Court.  Court is
           informed that there is one juror number #34 and one alternate
           number #2 that may not be available on November 20, 2002.
           Court brings them in and informs them that if they are not
           available that two alternates will take there place.  No
           objection by State or Defense. Defendant is remanded to trial
           date.
           Jury Trial in Progress Nov 20,2002 09:30AM Rm405  Judge WHITE
           Judge:WHITE STEPHEN D   Rep:STIRNIMAN PATRICIA   Clerk:MAPI  M

11/15/2002 Notice of Filing of Subpoenaes FILED BY
           Asst States Attorney BOGGS JANINE

11/15/2002 TO:KEEPER OF THE RECORDS, COOK COUNTY JAIL, MEDICAL UNIT

11/15/2002 Affidavit IN LIEU OF COURT APPEARANCE
           Return Date Nov 20,2002 09:30AM Rm405  Judge WHITE Canceled

C O N T I N U E D   O N   N E X T   P A G E

CSP848

Date:  1/26/2006
Time: 10/07/26
Page:   12
User: PACY

2001 CF 000087   Judge: WHITE STEPHEN D       From  0/00/0000 To 99/99/99

__Date__
11/15/2002 Sheriff's Fee Bill Amt $10.00

11/15/2002

    People present by JANINE BOGGS and JOHN CONNOR.  Defendant
    present in person in custody of the Will County Sheriff and by
    KEITH JONES and ROBERT LIVAS.  Hearing on motions held.
    Matter continued for further trial proceedings on November 20,
    2002 at 10:30 a.m.  Writ on the subpoenaed witnesses, MICHAEL
    KLELMINSKI and VICTOR MCCLENNEDEN are continued.  Defendant
    remanded.
    Judge:WHITE STEPHEN D    Rep:STIRNIMAN PATRICIA    Clerk:NCPT   M

11/20/2002 Supplemental List of Witnesses FILED BY
    Asst States Attorney BOGGS JANINE

11/20/2002 RECORD OF PRIOR CONVICTIONS OF STATE WITNESSES

11/20/2002 Supplemental Notification of Reports Summarizing Witnesses FILED BY
    Asst States Attorney BOGGS JANINE

11/20/2002 Sheriff's Fee Bill Amt $10.00

11/20/2002

    People present by JANINE BOGGS and JOHN CONNOR.  Defendant is
    present in person in custody of the Will County Sheriff and with
    Attorney KEITH F. JONES and ROBERT LIVAS.  Matter comes on for
    trial in progress.  Matter proceeds on defendant's motion for
    mistrial.  Hearing held and concluded.  Motion denied.  Matter now
    proceeds on defendant's motion to exclude the testimony of Michael
    Hamelton.  Motion granted; the testimony of Michael Hamelton is
    excluded at this time.  People's exhibits admitted.  People
    rests.  Matter is continued for further trial proceedings.
    Defendant remanded.  The writ on VICTOR MCCLENNDEN is continued.

    Jury Trial in Progress Nov 21,2002 10:30AM Rm405  Judge WHITE
    Judge:WHITE STEPHEN D    Rep:STIRNIMAN PATRICIA    Clerk:NCPT   M

11/21/2002 Sheriff's Fee Bill Amt $10.00

11/21/2002 PRE-SENTENCING INVESTIGATION ORDER

11/21/2002 Mittimus for Failure to Give Bail by Will County Sheriff

11/21/2002

    People present by JANINE BOGGS and JOHN CONNOR. Defendant
    present in custody of the Sheriff and by KEITH JONES and
    ROBERT LIVAS.  Cause comes on defendant's motion for directed
    verdict.  No arguments are made on behalf of both parties.
    Motion is denied.  Court informed that the defendant will not
    testify.  Closing arguments made on behalf of both parties.
    Jury instructions given to jurors.  Alternate jurors are
    excused.  Baliff sworn. Jury is sent out for deliberations at

C O N T I N U E D   O N   N E X T   P A G E

-52-

C000397

```
                                                        13    CSP048
                                                  Date:   1/26/2006
                                                  Time: 10/07/26
                                                  Page:   13
       2001 CF 000087   Judge: WHITE STEPHEN D    From  0/00/0000 To 99/99/9
                                                  User: PACY
  Date
```

11/21/2002  1:40 p.m.   LATER:   Court is informed at 4:25 p.m. that the
            jury has reached a verdict.  Verdict reads as follows: "WE THE
            JURY FIND THE DEFENDANT, IAN LOCKHART, GUILTY OF FIRST DEGREE
            MURDER - COUNT I,   FIRST DEGREE MURDER - COUNT II, FIRST
            DEGREE MURDER - COUNT III, ARMED ROBBERY - COUNT IV AND
            RESIDENTIAL BURGLARY - COUNT V".   Jury polled, thanked and
            excused by the Court.  All pre-trial motions are to stand.
            Defendant's bond is revoked.   Pre-sentencing Investigation
            Report ordered on or before January 3, 2003.  Matter continued
            for sentencing.  Defendant remanded to the custody of the
            Sheriff.
            Sentencing Jan 06,2003 09:30AM Rm407  Judge ALESSIO-GOODE
            Judge:WHITE STEPHEN D   Rep:STIRNIMAN PATRICIA    Clerk:MAPI  M

11/21/2002  Impounded Documents - Medical Records on Victor McClendon
            Judge:WHITE STEPHEN D   Rep:STIRNIMAN PATRICIA    Clerk:MAPI  M

11/21/2002  Impounded Documents - Correspondance from jury
            Judge:WHITE STEPHEN D   Rep:STIRNIMAN PATRICIA    Clerk:MAPI  M

11/21/2002  Jury Voir Dire Selection Sheet
            Judge:WHITE STEPHEN D   Rep:STIRNIMAN PATRICIA    Clerk:MAPI  M

11/21/2002  Jury Instructions
            Judge:WHITE STEPHEN D   Rep:STIRNIMAN PATRICIA    Clerk:MAPI  M

11/21/2002  Jury Verdict
            Judge:WHITE STEPHEN D   Rep:STIRNIMAN PATRICIA    Clerk:MAPI  M

 1/06/2003  Sheriff's Fee Bill Amt $10.00

 1/06/2003
            People present by JANINE BOGGS. Defendant present in custody
            of the Will County Sheriff and by KEITH JONES and ROBERT
            LIVAS.   Cause comes on for sentencing.  Victims sister is
            sworn and Victim Impact Statement is read and made part of
            record.   By agreement, matter continued for sentencing and any
            other pre-sentencing motions.  Defendant remanded back to the
            custody of the Will County Sheriff.
            Sentencing Jan 22,2003 09:30AM Rm401  Judge WHITE
            Judge:WHITE STEPHEN D   Rep:STIRNIMAN PATRICIA    Clerk:MAPI  M

 1/06/2003  See Order Signed - Regarding transcript

 1/06/2003  Impounded Documents - Victim Impact Statement

 1/22/2003  Sheriff's Fee Bill Amt $10.00

 1/22/2003  Motion for New Trial FILED BY  Atty JONES KEITH FREDERICK

 1/22/2003  Impounded Documents - Addendum to PSI

            C O N T I N U E D   O N   N E X T   P A G E

```

2001 CF 000087   Judge: WHITE STEPHEN D          From  0/00/0000 To 99/99/9

Date
1/22/2003

People present by JANINE BOGGS. Defendant present in custody of
the Will County Sheriff and by KEITH F. JONES and ROBERT LIVAS.
Matter comes on for sentencing and for hearing on defendant's
motion for new trial. Hearing held, arguments heard on behalf of
both parties. Defendant makes statement. Defendant's motion for
new trial is denied. Matter now comes on for the Court's
sentencing decision. Judgment of conviction is entered as to
Counts III and IV.  Counts I and II are merged with Count III and
Count V is merged with Count IV. As to Count III, the defendant
is sentenced to forty-one (41) years in custody of the Illinois
Department of Corrections; as to Count IV, the defendant is
sentenced to sixteen (16) years in custody of the Illinois
Department of Corrections.  Sentence imposed in Count IV to run
consecutive to the sentence imposed in Count III.  Defendant to
serve eighty-five (85%) percent of sentence imposed. Defendant to
be given credit for 738 days actually served in custody. Judgment
to be taken for costs. Appeal rights given. Matter continued to
February 7, 2003 at 9:30 a.m. for hearing on motion to reconsider
sentence. Defendant's motion for filing of notice of appeal is
granted.  Court appointes appellate defender.  Clerk is directed
to prepare notice of appeal after hearing on motion to reconsider
on February 7, 2003.  Defendant remanded.
Motion to Reconsider Feb 07,2003 09:30AM Rm401  Judge WHITE
Judge:WHITE STEPHEN D    Rep:DANLEY JENNIFER   Clerk:MAPI  M

1/22/2003 Disposition 03/00  Count 001  No Fine & Cost Signed
Judge WHITE STEPHEN D  Defendant LOCKHART R18787 IAN
Atty JONES KEITH FREDERICK  Asst States Attorney BOGGS JANINE
Disposition: Merged with Another Offense MURDER/STRONG PROB KILL/INJU
Disposition Type: Court Action  Defendant Plea: Not Guilty
Statute 720 5/9-1(a)(2)  Class M  Orig.
Sentence: 01/22/2003
No Fine & Cost            .00
Judge:WHITE STEPHEN D

1/22/2003 Disposition 04/00  Count 002  No Fine & Cost Signed
Judge WHITE STEPHEN D  Defendant LOCKHART R18787 IAN
Atty JONES KEITH FREDERICK  Asst States Attorney BOGGS JANINE
Disposition: Merged with Another Offense MURDER/STRONG PROB KILL/INJU
Disposition Type: Court Action  Defendant Plea: Not Guilty
Statute 720 5/9-1(a)(2)  Class M  Orig.
Sentence: 01/22/2003
No Fine & Cost            .00
Judge:WHITE STEPHEN D

1/22/2003 Disposition 05/00  Count 003  Cost Only Fee $160.00  Signed
Judge WHITE STEPHEN D  Defendant LOCKHART R18787 IAN
Atty JONES KEITH FREDERICK  Asst States Attorney BOGGS JANINE
Disposition: Guilty MURDER/STRONG PROB KILL/INJURE
Disposition Type: By Jury  Defendant Plea: Guilty
Statute 720 5/9-1(a)(2)  Class M  Orig.

C O N T I N U E D   O N   N E X T   P A G E

COURT DOCKET - WILL COUNTY CIRCUIT CLERK
Case 1:08-cv-02374   Document 1   Filed 04/25/2008   Page 86 of 105   Date:   1/26/2006
Time: 10/07/26
Page:    15
From   0/00/0000 To 99/99/9
User: PACY
CSP048

2001 CF 000087  Judge: WHITE STEPHEN D

__Date__

1/22/2003 Sentence: 01/22/2003
          Sentence: Department Of Corrections  41Yrs Consecutive (SPC Only)
          Sentence: Credit Time Served  738Days Sentence In Force
          Sentence: Cost Only  Sentence In Force
          Cost Only            160.00
          Status:Closed  Report:Terminated  Jan 22,2003
          Judge:WHITE STEPHEN D

1/22/2003 Disposition 06/00  Count 004  No Fine & Cost Signed
          Judge WHITE STEPHEN D  Defendant LOCKHART R18787 IAN
          Atty JONES KEITH FREDERICK  Asst States Attorney BOGGS JANINE
          Disposition: Guilty ARMED ROBBERY/ARMED W/FIREARM
          Disposition Type: By Jury   Defendant Plea: Guilty
          Statute 720 5/18-2(a)(2)  Class X  Orig.
          Sentence: 01/22/2003
          Sentence: Department Of Corrections  16Yrs Consecutive (SPC Only)
          No Fine & Cost            .00
          Judge:WHITE STEPHEN D

1/22/2003 Disposition 07/00  Count 005  No Fine & Cost Signed
          Judge WHITE STEPHEN D  Defendant LOCKHART R18787 IAN
          Atty JONES KEITH FREDERICK  Asst States Attorney BOGGS JANINE
          Disposition: Merged with Another Offense RESIDENTIAL BURGLARY
          Disposition Type: Court Action   Defendant Plea: Not Guilty
          Statute 720 5/19-3(a)  Class 1  Orig.
          Sentence: 01/22/2003
          No Fine & Cost            .00
          Judge:WHITE STEPHEN D

1/22/2003 Criminal Cost Sheet

1/23/2003 Judgment - Sentence - IDOC

1/24/2003 Statement of Facts FILED BY  Asst States Attorney BOGGS JANINE

1/24/2003 Sheriff / Jail Receipt

1/24/2003 Notice OF MOTION FILED BY  Atty JONES KEITH FREDERICK
          Motions Feb 07,2003 09:30AM Rm401  Judge WHITE Canceled

1/24/2003 Motion TO RECONSIDER SENTENCE FILED BY  Atty JONES KEITH FREDERICK

2/05/2003 Impounded Documents - Pre-sentencing Investigation Report

2/07/2003
          People present by MICHAEL J. KNICK.  Defendant nor counsel
          appear.  Defendant is in custody of the Illinois Department of
          Corrections. Matter continued for hearing on motion to reconsider.
          State to writ defendant.
          Motion to Reconsider Feb 28,2003 09:30AM Rm401  Judge WHITE
          Judge:WHITE STEPHEN D   Rep:MORIARTY-DAVIS COLLE   Clerk:MAPI  M

            C O N T I N U E D   O N   N E X T   P A G E

COURT DOCKET - WILL COUNTY CIRCUIT CLERK
Case 1:08-cv-02374   Document 1   Filed 04/25/2008   Page 87 of 105
16      CSP048
Date:   1/26/2006
Time: 10/07/26
Page:   16
User: PACY

2001 CF 000087   Judge: WHITE STEPHEN D      From   0/00/0000 To 99/99/9

__Date__

2/11/2003 Impounded Documents statement of Victor McClendon

2/28/2003 See Order Signed

3/05/2003 Writ of Habeas Corpus - Order IAN LOCKHART
          Return Date Mar 13,2003 09:30AM Rm401   Judge WHITE

3/13/2003
          People present by MICHAEL J. KNICK. Defendant present in custody
          of the Illinois Department of Corrections and by Assistant
          Public Defender, KEITH JONES.  Cause comes on for hearing on
          defendant's motion to reconsider sentence.  Arguments heard.
          Motion is denied.  Defendant's motion for filing of notice of
          appeal is granted.  Court appointes appellate defender.  Clerk
          is directed to prepare notice of appeal.  Defendant remanded
          back to the Department of Corrections.
          Judge:WHITE STEPHEN D   Rep:DANLEY JENNIFER   Clerk:MAPI  M

3/13/2003 Clerk's Certificate of Mailing Notice of Appeal

3/13/2003 Order for Free Transcripts/App of State Appellate Defender
          Judge:WHITE STEPHEN D   Rep:DANLEY JENNIFER   Clerk:MAPI  M

3/13/2003 Notice of Appeal
          Judge:WHITE STEPHEN D   Rep:DANLEY JENNIFER   Clerk:MAPI  M

3/13/2003 Case Title
          Judge:WHITE STEPHEN D   Rep:DANLEY JENNIFER   Clerk:MAPI  M

3/13/2003 Clerk's Certificate of Notification to Court Reporters
          Judge:WHITE STEPHEN D   Rep:DANLEY JENNIFER   Clerk:MAPI  M

3/14/2003 Notice of Appeal filed/Order Appointing Appellate Defender dated
          3/14/03
          Status:Case On Appeal  Mar 14,2003

3/18/2003 Report of Proceedings pages 1-7 May 02,2002 Judge WHITE FILED BY
          Reporter VITHOULKAS STEVE

3/18/2003 Report of Proceedings pages 1-7 Jul 16,2001 Judge WHITE FILED BY
          Reporter VITHOULKAS STEVE

3/27/2003 Report of Proceedings pages 1-5 Feb 07,2001 Judge WHITE FILED BY
          Reporter BALIS-HUSSAR THERESE

3/27/2003 Report of Proceedings pages 1-4 Mar 29,2001 Judge WHITE FILED BY
          Reporter BALIS-HUSSAR THERESE

3/27/2003 Report of Proceedings pages 1-3 Jul 30,2001 Judge WHITE FILED BY
          Reporter BALIS-HUSSAR THERESE

3/27/2003 Report of Proceedings pages 1-6 Apr 23,2002 Judge WHITE FILED BY
          Reporter BALIS-HUSSAR THERESE

C O N T I N U E D   O N   N E X T   P A G E       C000401

COURT DOCKET - WILL COUNTY CIRCUIT CLERK

Case 1:08-cv-02374   Document 1   Filed 04/25/2008   Page 88 of 105

17   CSP048
Date: 1/26/2006
Time: 10/07/26
Page: 17
User: PACY

2001 CF 000087   Judge: WHITE STEPHEN D         From  0/00/0000 To 99/99/9

Date

3/27/2003 Report of Proceedings pages 1-7 Apr 26,2002 Judge WHITE FILED BY
          Reporter BALIS-HUSSAR THERESE

3/27/2003 Report of Proceedings pages 1-5 Sep 18,2002 Judge WHITE FILED BY
          Reporter BALIS-HUSSAR THERESE

4/21/2003 Report of Proceedings pages 1-13 Jun 05,2001 Judge WHITE FILED BY
          Reporter RIMKEVICIUS ANNA MARIE

4/21/2003 Report of Proceedings pages 1-4 Jun 07,2001 Judge WHITE FILED BY
          Reporter RIMKEVICIUS ANNA MARIE

4/21/2003 Report of Proceedings pages 1-3 Jun 19,2001 Judge WHITE FILED BY
          Reporter RIMKEVICIUS ANNA MARIE

4/28/2003 Report of Proceedings PAGES 1-145 DATED 11/12/02 FILED BY
          Reporter STIRNIMAN PATRICIA

4/28/2003 Report of Proceedings PAGES 1-97 DATED 11/20/02 FILED BY
          Reporter STIRNIMAN PATRICIA

4/28/2003 Report of Proceedings PAGES 1-99 DATED 11/21/02 FILED BY
          Reporter STIRNIMAN PATRICIA

4/28/2003 Report of Proceedings PAGES 1-112 DATED 11/13/02 FILED BY
          Reporter STIRNIMAN PATRICIA

4/28/2003 Report of Proceedings PAGES 1-13 Nov 04,2002 Judge WHITE FILED BY
          Reporter STIRNIMAN PATRICIA

4/28/2003 Report of Proceedings PAGES 1-4 Nov 04,2002 Judge WHITE FILED BY
          Reporter STIRNIMAN PATRICIA

4/28/2003 Report of Proceedings PAGES 1-4 Jan 09,2002 Judge WHITE FILED BY
          Reporter STIRNIMAN PATRICIA

4/28/2003 Report of Proceedings PAGES 1-5 Feb 01,2002 Judge WHITE FILED BY
          Reporter STIRNIMAN PATRICIA

4/28/2003 Report of Proceedings PAGES 1-9 Feb 14,2001 Judge WHITE FILED BY
          Reporter STIRNIMAN PATRICIA

4/28/2003 Report of Proceedings PAGES 1-38 Nov 14,2002 Judge WHITE FILED BY
          Reporter STIRNIMAN PATRICIA

4/28/2003 Report of Proceedings PAGES 1-37 Nov 15,2002 Judge WHITE FILED BY
          Reporter STIRNIMAN PATRICIA

4/28/2003 Report of Proceedings PAGES 1-104 Nov 07,2002 Judge WHITE FILED BY
          Reporter STIRNIMAN PATRICIA

4/29/2003 Report of Proceedings pages 1-6 Jun 27,2001 Judge WHITE FILED BY
          Reporter MAIER TAMMY

C O N T I N U E D   O N   N E X T   P A G E          C000402

-57-

2001 CF 000087  Judge: WHITE STEPHEN D    From  0/00/0000 To 99/99/9

Date

4/29/2003 Report of Proceedings pages 1-4 Apr 29,2002 Judge WHITE FILED BY
          Reporter MAIER TAMMY

4/29/2003 Report of Proceedings pages 1-3 Aug 19,2002 Judge WHITE FILED BY
          Reporter MAIER TAMMY

4/29/2003 Report of Proceedings pages 1-9 Aug 20,2002 Judge WHITE FILED BY
          Reporter MAIER TAMMY

4/29/2003 Report of Proceedings pages 1-6 Feb 28,2001 Judge WHITE FILED BY
          Reporter STRAMAGLIA JAMES

4/29/2003 Report of Proceedings pages 1-5 May 16,2001 Judge WHITE FILED BY
          Reporter STRAMAGLIA JAMES

4/29/2003 Report of Proceedings pages 1-5 Oct 18,2001 Judge WHITE FILED BY
          Reporter STRAMAGLIA JAMES

4/29/2003 Report of Proceedings pages 1-4 Jun 24,2002 Judge WHITE FILED BY
          Reporter STRAMAGLIA JAMES

4/29/2003 Report of Proceedings pages 1-4 Sep 03,2002 Judge WHITE FILED BY
          Reporter STRAMAGLIA JAMES

4/29/2003 Report of Proceedings pages 1-12 Jan 06,2003 Judge WHITE FILED BY
          Reporter STRAMAGLIA JAMES

5/01/2003 Report of Proceedings PAGES 1-3 Sep 23,2002 Judge WHITE FILED BY
          Reporter MORIARTY-DAVIS COLLEEN

5/01/2003 Report of Proceedings pages 1-3 Feb 07,2003 Judge WHITE FILED BY
          Reporter MORIARTY-DAVIS COLLEEN

5/02/2003 Report of Proceedings pages 1-3 Jan 31,2001 Judge WHITE FILED BY
          Reporter HODGES NANCY

6/04/2003 Report of Proceedings pages 1-6 Jun 22,2001 Judge WHITE FILED BY
          Reporter DANLEY JENNIFER

6/04/2003 Report of Proceedings pages 1-4 Sep 16,2002 Judge WHITE FILED BY
          Reporter DANLEY JENNIFER

6/05/2003 Report of Proceedings PAGES 1-7 Dec 05,2001 Judge WHITE FILED BY
          Reporter DANLEY JENNIFER

6/23/2003 Report of Proceedings pages 1-4 Mar 13,2003 Judge WHITE FILED BY
          Reporter DANLEY JENNIFER

6/23/2003 Report of Proceedings pages 1-31 Jan 22,2003 Judge WHITE FILED BY
          Reporter DANLEY JENNIFER

6/23/2003 Appeal Records (original) sent to Appellate Ct. 2cl, 4rp & 6ex, also

C O N T I N U E D   O N   N E X T   P A G E

C000403

COUNTY CIRCUIT CLERK.
                                                          Date:  1/26/2006
                                                          Time: 10/07/26
                                                          Page:  19
2001 CF 000087  Judge: WHITE STEPHEN D    From  0/00/0000 To 99/99/9
                                                          User: PACY

Date

6/23/2003 sent Deft. copy of same.
          "SECURITY COPY MADE OF COMPLETE APPEAL RECORD IN VOL. II"

6/26/2003 Certified Mail Returned FROM IAN LOCKHART Jun 25,2003 Judge WHITE

6/30/2003 Certified Mail Returned FROM THIRD DIST APPELLATE COURT Jun 27,2003
          Judge WHITE

7/16/2003 Appeal Records (original) being acknowledged by the Appellate Ct.

9/04/2003 Report of Proceedings pages 1-97 Nov 06,2002 Judge WHITE FILED BY
          Reporter STIRNIMAN PATRICIA

9/04/2003 Appeal Records (original) Supplemental Rpt. of Proceedings - Vol. V
          sent to Appellate Ct. & copy to Deft.
               "SECURITY COPY MADE OF VOL. V

9/08/2003 Certified Mail Returned FROM IAN LOCKHART STATEVILLE CORR CENTER
          Sep 06,2003 Judge WHITE

9/10/2003 Certified Mail Returned FROM THIRD DIST APPELLATE COURT Sep 08,2003
          Judge WHITE

5/21/2004 Appeal Record (Supplemental Exhibit ) Video Tape, sent to Appellate
          Ct. to be supplemented into Appeal Record.

5/26/2004 Certified Mail Returned THIRD DISTRICT APPELLATE COURT May 24,2004
          Judge WHITE

6/04/2004 Appeal Records (original) being acknowledged by Appellate Ct.

7/05/2005 Mandate/AFFIRMED (3-03-0214)
          Status:Mandate  Jul 05,2005

7/05/2005 Return of Mandate / Affirmed
          Return of Mandate Jul 07,2005 09:30AM Rm308  Judge WHITE

7/07/2005
          People present by NICOLE L. MOORE. Defendant not present. Matter
          comes on for return of mandate. Mandate ordered filed.
          Judge:WHITE STEPHEN D   Rep:VITHOULKAS STEVE   Clerk:MAPI  M

8/05/2005 Appeal Record (Original) Returned from Appellate Court (2 cl, 5 rp
          & 7 ex)

9/08/2005 Correspondence from defendant
          CORRESPONDENCE Sep 13,2005 09:30AM Rm308  Judge WHITE

9/13/2005
          People present by NO ASSISTANT. Defendant not present.  Matter
          comes on correspondence from the defendant.  Motion for Grand
          Jury Transcripts.  Motion is denied.  Clerk to notify.

          C O N T I N U E D   O N   N E X T   P A G E

2001 CF 000087  Judge: WHITE STEPHEN D        From  0/00/0000 To 99/99/9

Date

9/13/2005 (defendant notified 9/13/05  /nes)
          Judge:WHITE STEPHEN D    Rep:DANLEY JENNIFER    Clerk:NEST  M

9/13/2005  Sep 13,2005 Judge WHITE
           Document CFDEL Was Printed
           Judge:WHITE STEPHEN D    Rep:DANLEY JENNIFER    Clerk:NEST  M

11/21/2005 Correspondence/Sent file stamped copy to the Defendant

11/21/2005 Correspondence--PRO SE POST CONVICTION PETITION FILED BY
           Defendant LOCKHART R18787 IAN
           Status Nov 28,2005 09:30AM Rm405  Judge KINNEY

11/28/2005
           People present by MARY L. FILLIPITCH.    Matter comes on post convicti
           petition.  Matter assigned to Judge Carla Alessio-Goode for
           further proceedings.
           Status Nov 30,2005 09:30AM Rm407  Judge ALESSIO-GOODE
           Judge:KINNEY GERALD R    Rep:MORIARTY-DAVIS COLLE    Clerk:CLTR  M

11/30/2005
           People present by JESSICA COLON-SAYRE.  Defendant not present.
           Matter comes before the Court for status.  Matter continued
           reset for status before the Honorable Judge White.
           Status Dec 08,2005 09:30AM Rm308  Judge WHITE
           Judge:ALESSIO-GOODE CARLA    Rep:NELSON APRIL    Clerk:OLGA  M

12/08/2005
           Peoplec present by NICOLE L. MOORE.  Defendant not present. Matter
           comes on defendant's correspondance regarding post conviction
           relief. Court takes matter under review.
           Court's Review Jan 09,2006 09:30AM Rm308  Judge WHITE
           Judge:WHITE STEPHEN D    Rep:MAIER TAMMY    Clerk:MAPI  M

1/09/2006
           Document CFDEL Was Printed
           Judge:WHITE STEPHEN D    Clerk:KRNS  M

1/09/2006 See Order Signed

1/09/2006
           Document CFAPNSCR Was Printed
           Judge:WHITE STEPHEN D    Clerk:KRNS  M

1/09/2006 Sheriff / Jail Receipt

1/09/2006 Letter from Clerk's Office

1/09/2006
           The People of the State of Illinois are present by Assistant
           State's Attorney, MS. DOMENICA OSTERBERGER.  The defendant is not
           present.  Matter comes before the Court for decision by the Court

           C O N T I N U E D   O N   N E X T   P A G E

C000405

CSP048
Date:   1/26/2006
Time:  10/07/26
Page:    21
User:  PACY

2001 CF 000087   Judge: WHITE STEPHEN D          From   0/00/0000 To 99/99/9

Date
1/09/2006 as to defendant's post-conviction petition.  The Court having
          taken matter under advisement, finds the same without merit and
          frivolous.  Petition is hereby denied.  The Clerk of the Court is
          directed to notify the defendant.  See Order signed.  SOS
          Judge:WHITE STEPHEN D   Rep:DANLEY JENNIFER   Clerk:KRNS  M

1/13/2006 Certified Mail Returned MENARD CORRECTIONAL CENTER Jan 11,2006
          Judge WHITE

1/17/2006 Correspondence from defendant re: Notice of Appeal
          CORRESPONDENCE Jan 23,2006 09:30AM Rm308   Judge WHITE

1/23/2006
          People present by DOMENCIA OSTERBERGER. Defendant not
          present.  Matter comes on for correspodence from the Defendant
          requesting to appeal the Court's Decision on Post Conviction
          Petition.  Motion is granted.  Appellate Defender is
          appointed.  Clerk is directed to prepare notice of appeal.
          Judge:WHITE STEPHEN D   Rep:MAIER TAMMY   Clerk:DAWS  M

1/25/2006 Clerk's Certificate of Mailing Notice of Appeal

1/25/2006 Order for Free Transcripts/App of State Appellate Defender

1/25/2006 Notice of Appeal

1/25/2006 Case Title

1/25/2006 Clerk's Certificate of Notification to Court Reporters

1/25/2006 Notice of Appeal filed/Order appointing Appellate Defender dated
          1/24/06
          Status:Case On Appeal   Jan 25,2006

C000406

IN THE CIRCUIT COURT OF WILL COUNTY, ILLINOIS
TWELFTH JUDICIAL CIRCUIT

PEOPLE OF THE STATE OF ILLINOIS                    )
                                                   )
                          VS.                      )        Case No. 01 CF 87
                                                   )
IAN LOCKHART                                       )
                                                   )

## JUDGMENT - SENTENCE TO ILLINOIS DEPARTMENT OF CORRECTIONS

WHEREAS the above-named defendant, IAN LOCKHART, DOB: 2-10-76, has been adjudged guilty of the offenses enumerated below.

IT IS THEREFORE ORDERED that the defendant be and hereby is sentenced to confinement in the Illinois Department of Corrections for the term of years and months specified for each offense.

| COUNT | OFFENSE | DATE OF OFFENSE | STATUTORY CITATION | CLASS | SENTENCE |
|-------|---------|-----------------|--------------------|----|----------|
| III | Murder (felony) | 8-31-00 | 720 ILCS 5/9-1 | Murder | 41 years |

and said sentence shall run (consecutive to) the sentence imposed on: count IV

| IV | Armed Robbery | 8-31-00 | 720 ILCS 5/18-2 | X | 16 years |

The Court finds that the defendant is entitled to receive credit for time actually served in **custody of 738 days** as of the date of this order (from <u>January 16, 2001 to January 22, 2003</u>). The defendant to be given credit for the same number of days good time as days in physical custody.

The Court further finds that the conduct leading to conviction for the offenses enumerated in counts __IV__ resulted in great bodily harm to the victim. (730 ILCS 5/3-6-3(a)(2)(iii)).

IT IS FURTHER ORDERED that the Clerk of the Court deliver a copy of this order to the Sheriff.

IT IS FURTHER ORDERED that the Sheriff take the defendant into custody and deliver him to the Department of Corrections which shall confine said defendant until expiration of his sentence or until he is otherwise released by operation of law.

IT IS FURTHER ORDERED that the Department of Corrections withhold ____ % (per cent) [Percentage may not be more than 50%] of the inmate's monthly Corrections income and remit that amount to the ____ County Circuit Clerk for application to amounts due in this case for a total amount due of $ ____.

IT IS FURTHER ORDERED THAT _____

IT IS FURTHER RECOMMENDED THAT _____

This order is effective immediately.

DATE: _Jan 22, 2003_            ENTER: _[signature]_

_____
Stephen White
JUDGE

- 62 -

Ex. G

C000269

# Affidavit

I, Ian Lockhart, do hereby declare and affirm that the following information within this affidavit is true and correct in substance and in facts:     While on direct appeal I was being represented by (Assistant Appellate Defender) Patrick Carmody.

I had many conversations with Mr. Carmody over the phone discussing issues that I wanted raised on direct appeal.

One day while talking with Mr. Carmody over the phone, I informed him of the speedy-trial issue that I felt should be raised in my appeal. After fully explaining to Mr. Carmody the details within the speedy-trial issue, and why I felt it should be raised; he (Mr. Carmody) told me that the issue lacked merit. Mr. Carmody went on to explain why this particular issue lacked merit: The speedy-trial issue lacked merit because eventhough the first 106 days was attibutable to the state, the times I disagreed on the record was still attributable to me; and the trial judge didn't abuse his discretion by granting trial counsel's request for a continuance because the records clearly shows he (trial counsel) needed more time; therefore trial counsel was not ineffective for wanting more time.

I had no reason to disbelieve Mr. Carmody because hes an experienced attorney who actually passed the Bar and I didn't. Therefore, I did not present these issues in my post-conviction petition because I was under the impression the issues lacked merit; and Mr. Carmody could not be deemed ineffective for not raising non-meritrous claims on direct appeal inviolation of the 6th and 14th amend U.S. constitution as a basis for my original post-conviction petition.

On Dec 19th, 2007, I was assigned to a cell with inmate, Robert Fletcher #B-28355, who assisted me in this curruent 2254 motion, and I explained the above to Fletcher relating to why I did not raise the speedy-trial issue in my original post-conviction. Mr. Fletcher told me that Mr. Carmody either didn't know the law or was ineffective and gave misleading advise. Fletcher showed me case law which revealed that Mr. Carmody was wrong in his assessment of the law and facts as applied to my case. Mr. Fletcher has attached an affidavit to this 2254 motion with citations to controling authority

- 63 -

Page 1 of 2        Ex. H

( Mr. Fletcher's affidavit is on the next page )

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

April 5, 2008

Ian Lockhart
Affiant

Puedp



MAY 2 7 2005

OFFICE OF THE STATE
APPELLATE DEFENDER
ELGIN, ILLINOIS

**SUPREME COURT OF ILLINOIS
CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

May 25, 2005

Mr. Patrick M. Carmody
Asst. State Appellate Defender
2010 Larkin
Elgin, IL 60123

No. 100390 - People State of Illinois, respondent, v. Ian
Lockhart, petitioner. Leave to appeal, Appellate
Court, Third District.

The Supreme Court today DENIED the petition for leave to appeal in the above entitled cause.

The mandate of this Court will issue to the Appellate Court on June 16, 2005.

- 65 -

EX. I

105397

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

November 29, 2007

Mr. Peter A. Carusona
Assistant Appellate Defender
1100 Columbus Street
Ottawa, IL 61350

No. 105397 - People State of Illinois, respondent, v. Ian
              Lockhart, petitioner.  Leave to appeal, Appellate
              Court, Third District.

The Supreme Court today DENIED the petition for leave to
appeal in the above entitled cause.

The mandate of this Court will issue to the Appellate Court
on January 4, 2008.



**RECEIVED**

**NOV 3 0 2007**

Office of the State Appellate Defender
*THIRD DISTRICT*
OTTAWA, ILLINOIS

-66-

EX. J

STATE OF ILLINOIS        )
                         )        SS.
COUNTY OF WILL           )

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT WILL COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS    )
                                   )
              vs.                  )        NO. *01CF87*
                                   )
       SAMIEDRA BRANCH             )
            AND                    )
        IAN LOCKHART               )

# SEARCH WARRANT

TO ALL PEACE OFFICERS OF THE STATE OF ILLINOIS:

1.    On this day, December 29, 2000, Complainant has signed and sworn to a complaint for search warrant before me  Upon examination of the written complaint I find that said complaint on its face states facts sufficient to show probable cause for the issuance of a search warrant, and I therefore command that the following be searched:

A.    The persons of Samiedra Branch, a black female having a date of birth of August 31, 1979, and Ian Lockhart a black male having a date of birth of February 10, 1976;

1

C000044

2.    The following described property: the premises of 737 Garfield Street,
Apartment 1, Oak Park, Illinois, that being the first floor, east, apartment of
a red, brick, two-story, four unit apartment building.

2.    I further command that the following described instruments, articles and things
which have been used in the commission of, or which constitute evidence of the
offenses of **Murder** and **Burglary**

and seize therefrom: **an RCA amplified indoor television antenna, three guns,
being a Baretta shotgun, a .25 caliber semi-automatic handgun and a .38 caliber
handgun, and two VCRs, being a Panasonic Omnivision and a Symphonic, proof
of possession or ownership for said antenna, guns and VCRs, and proof of
residence.**

2.    I further command that a return of anything so seized shall be made without
unnecessary delay before me or before Judge _____ or before any Court of
competent jurisdiction.

_____
JUDGE

Date of issuance: December 29, 2000

Time of issuance: 11:59 P. M.

2

– 68 –

C000045

**RETURN EXECUTED**

Executed by searching: _737 Garfield, OakPark    first floor east_

on the _30_ day of _Dec._____, 200_0_, at _125_ o'clock _A_.M. and seizing the articles listed in

the attached inventory and returning same to Judge _____; and leaving a copy of attached

Search Warrant (with) (at) _Samedra Branch , 737 Garfield, OakPark_

on the _30_ day of _Dec._____, 200_0_.

_Inv. ~~~~~~~~~_
Officer

Date of return: _Jan 8_, 200_1_

Time of return: _2:40_ P.M.

_Gerald Kinney_
JUDGE

---

**RETURN EXECUTED**

I did not execute this warrant within 96 hours from the time of issuance and it hereby

returned to the Court as void and not executed.

_____
Officer

Date of return: _____, 200_

Time of return: _____ M.

_____
JUDGE

3

C000046

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

COMPLAINT FOR SEARCH WARRANT

1.   Investigator Ed Hayes, complainant, now appears before the undersigned Judge of the Circuit Court and requests the issuance of a search warrant to search:

A.   The persons of Samiedra Branch, a black female having a date of birth of August 31, 1979, and Ian Lockhart a black male having a date of birth of February 10, 1976;

B.   The following described property: the premises of 737 Garfield Street, Apartment 1, Oak Park, Illinois, that being the first floor, east, apartment of a red, brick, two-story, four unit apartment building.

2.   Complainant requests a search warrant for the purpose of seizing the following described instruments, articles and things: **an RCA amplified indoor television antenna, three guns, being a Baretta shotgun, a .25 caliber semi-automatic handgun and a .38 caliber handgun, and two VCRs, being a Panasonic Omnivision and a Symphonic, proof of possession or ownership for said antenna, guns and VCRs and proof of residence.**

3.   The afore described instruments, articles and things have been used in the commission of or constitute evidence of the offenses of **Murder** and **Burglary**.

4.   Complainant has probable cause to believe, based upon the following facts, that the above listed things to be seized are now located upon the person and/or property set forth above:

4

— 70 —

C000047

Your complainant (y/c), Ed Hayes is a Will County Sheriff's Deputy, currently assigned to the Investigations Division. Y/c has been a police officer for the past 19 years. The facts contained in this complaint for search warrant are based on y/c's investigation and observations and on the observations and investigations of other police officers including Investigator Mike Guilfoyle of the Will County Sheriff's Police Department.

On August 31, 2000, at a residence located at 26129 Nacke Road, Crete, Will County, Illinois, Dolores Blandy, a resident of said Nacke Road residence, was shot in the back of the head and killed. At that time, she lived in said Nacke road residence along with her husband, Keith Blandy, Sr. At the time of the Murder, Keith Blandy reported that three guns, being a Baretta shotgun, a .25 caliber semi-automatic handgun and a .38 caliber handgun, and two VCRs, being a Panasonic Omnivision and a Symphonic, were taken from the Nacke road residence. Keith Blandy, Sr. also stated that he had recently had a falling out with his son, Keith Blandy, Jr. And had kicked his son, Keith Blandy, Jr., out of the house. It should also be noted that on December 28, 2000, Keith Blandy, Sr. reported to y/c that an RCA amplified indoor television antenna was also stolen from the Nacke Road residence on August 31, 2000.

On November 8, 2000, Investigator Mike Guilfoyle spoke with Patrick Scott. Patrick Scott stated that he lived with Chris Scott, Ion Lockhart, and Keith Blandy, Jr., in a residence located at 4948 King Drive, Chicago, Illinois, on August 31, 2000. According to Patrick Scott: Chris Scott is Patrick Scott's brother; Ion Lockhart is the cousin of Patrick and Chris Scott; and Kevin Blandy, Jr. is the brother-in-law of Ion Lockhart. According to Patrick Scott, Chris Scott, Ion Lockhart, and Keith Blandy, Jr. all admitted to Patrick Scott that Chris Scott, Ion Lockhart, and Keith Blandy, Jr. were at Keith Blandy, Sr's residence on August 30, 2000, and again on August 31, 2000. Chris

5

C000048

Scott, Ion Lockhart, and Keith Blanchy, Jr. stated to Patrick Scott that on August 30, 2000, Chris Scott, Ion Lockhart, and Keith Blanchy, Jr. looked the residence of Keith Blanchy, Sr. over so that on August 31, 2000, Chris Scott, Ion Lockhart, and Keith Blanchy, Jr. could break into it and steal guns. Chris Scott, Ion Lockhart, and Keith Blanchy, Jr. further stated to Patrick Scott that on August 30, 2000, Chris Scott, Ion Lockhart, and Keith Blanchy, Jr. broke into the residence of Keith Blanchy, Sr., and found Dolores Blanchy at home. Chris Scott, Ion Lockhart, and Keith Blanchy, Jr. further stated to Patrick Scott that Chris Scott then shot Dolores Blanchy in the head, and the three of them then stole some items and left. This interview with Patrick Scott, on November 8, 2000, was recorded on videotape.

On November 28, 2000, Investigator Mike Guilfoyle spoke with Victor McClendon who told Guilfoyle that he had overheard Chris Scott, Ion Lockhart and Kevin Blanchy, Jr. talking about a house they had broken into where Chris Scott had shot a woman. McClendon stated that it was his impression that the idea for the break-in was Ion Lockhart's. This interview with Victor McClendon, on November 28, 2000, was recorded on videotape.

On December 8, 2000, Investigator Guilfoyle spoke with Samiedra Branch who is the wife of Ion Lockhart, although, according to Samiedra Branch, they are in the process of getting divorced. Samiedra Branch stated to Investigator Guilfoyle that on her birthday, August 31, of this year, Ion Lockhart had come over to her apartment and had given her two gifts, a VCR and an indoor television antenna. According to Branch, approximately two days after her birthday, Lockhart returned to her apartment and took back the VCR because, as Ion Lockhart stated to Samiedra Branch at the time, the VCR had come from a murder. This interview took place at the residence of Samiedra Branch, 737 Garfield Street, Apartment 1, Oak Park, Illinois.

6

C000049

Upon learning from Keith Blanton, Sr., on December 28, 2000, that an indoor television antenna was also missing from his house on Nacke Road, Investigator Guilfoyle did place a telephone call to Samiedra Branch, on December 28, 2000. At that time, Samiedra Branch did admit to Investigator Guilfoyle that she still had the indoor television antenna at her apartment. At that time, arrangements were also made for Samiedra Branch to turn the antenna over to Investigator Guilfoyle in the evening of today's date. Investigator Guilfoyle and Sergeant Ed Bradley of the Will County Sheriff's Police Department did both speak to Samiedra Branch on today's date, and both officers were told by Samiedra Branch that they would need a search warrant to get the antenna. It should be noted that, at this time, Investigator Guilfoyle and Sergeant Bradley are stationed outside of the apartment of Samiedra Branch.

Y/c knows from police records that Samiedra Branch is a black female having a date of birth of August 31, 1979, and that Ian Lockhart is a black male having a date of birth of February 10, 1976. Investigator Guilfoyle has seen 737 Garfield Street, Apartment 1, Oak Park, Illinois, and has observed it to be a first floor, east, apartment of a red, brick, two-story, four unit apartment building.

WHEREFORE, YOUR COMPLAINANT BELIEVES PROBABLE CAUSE EXISTS FOR THE ISSUANCE OF A SEARCH WARRANT FOR THE PERSONS OF SAMIEDRA BRANCH AND ION LOCKHART AND FOR THE RESIDENCE LOCATED AT 737 GARFIELD STREET, APARTMENT 1, OAK PARK, ILLINOIS.

_____
APPLICANT

Subscribed and sworn to before me
this 29th day of December, 2000, at 1:59 P.M.

_____
CIRCUIT JUDGE
7

—73—

IN THE UNITED STATES DISTRICT COURT
FOR THE _Northern_    DISTRICT OF ILLINOIS

Ian Lockhart
        Plaintiff,    )
                 )
                 )
v.                )   No. _____
                 )
Donald  Hulick    )
(Warden)           )   The Honorable
                 )   _____,
        Defendants.  )   Judge Presiding.

## NOTICE OF FILING

TO:

    Clerk of the United States District Court
    Prisoner Correspondent; 219 South Dearborn St.
    Chicago Illinois 60604

    PLEASE TAKE NOTICE that on or before the _16_ day of
_April_____, _2008_, I shall file with the Clerk
of the U.S. District Court For The _Northern_____ District
of Illinois, the attached Plaintiff's _Petition for Writ of_
_Habeas Corpus_____

a copy of which is hereby served upon you.

                  By: _Ian Lockhart_
                  Register Number _R-18787_
                  Post Office Box 711,
                  Menard, Illinois  62259

## CERTIFICATE OF SERVICE

    I, _Ian Lockhart_____, being duly sworn aver
that I have served copies of the foregoing to the person named above
by placing such copies in the U.S. Mailbox at the Menard Correctional
Center on the _16_ day of _April_____, _2008_; postage
prepaid. UNDER THE PENALTY OF PERJURI THE FOREGOING IS TRUE AND
CORRECT.

                  _Ian Lockhart_
                  Affiant/